Case:10-08844-MCF11 Doc#:18-2 Filed:09/30/10 Entered:09/30/10 15:57:46 Desc: Exhibit Trust Fund Agreement 2 Page 1 of 11

337

that in the absence of such authorization, nothing will prevent the SETTLOR from advancing the funds, subject to their reimbursement once the authorization from the Insurance Commissioner of the Commonwealth of Puerto Rico be issued. The TRUSTEE shall not be obligated or required to determine whether any directions issued to it by the BOARD are in accordance with the terms of the SETTLOR's Risk Management Program, but may follow such directions without question. The TRUSTEE may make any payment required to be made by it hereunder by mailing its check, voucher, or warrant for the amount thereof to the person to whom such payment is to be made to such address as may be furnished to the TRUSTEE or if no such address shall have been furnished, address to such person in care of the SETTLOR at its then principal office. The SETTLOR may notify the Insurance Commissioner of the Commonwealth of Puerto Rico within ten (10) days of any payment made by the TRUSTEE. -------------------------------------------

(2) The SETTLOR shall deposit with the TRUSTEE from time to time such funds as are needed to maintain a Trust Estate with a minimum market value of ONE MILLION DOLLARS ($1,000,000.00) or such balance as required pursuant to an actuarial report to be prepared at the request of either the SETTLOR, TRUSTEE and/or the Insurance Commissioner of the Commonwealth of Puerto Rico. --------------------

V. ACCOUNTS OF THE TRUSTEE: (1) The TRUSTEE shall keep accurate accounts of all investments, receipts, disbursements, and other transactions hereunder, and all accounts, books, and records

CERTIFICO QUE: ......
El presente documento es COPIA SIMPLE fiel y exacta del original que obra en mi Protocolo de Instrumentos Públicos........

Notario Público




11



338

relating thereto shall be open at all reasonable times to inspections an audit by any person or persons designated by the BOARD. -----------------

(2) The TRUSTEE shall give to the SETTLOR's Vice President of Finance quarterly a financial statement showing the balance in the fund at the beginning of the year, current period contributions, and amount and nature of final payments, and the fund balance including a report of all securities or other property in which funds have been inverted by the TRUSTEE on behalf of HOSPITAL DAMAS and the SETTLOR. -----------------

(3) Within sixty (60) days after the receipt of such report the SETTLOR shall file with the TRUSTEE notice of any objection which it may have to any act or transaction of the TRUSTEE set forth in such report. Upon such report being adjusted to the satisfaction of the SETTLOR, the SETTLOR shall endorse upon the report a statement that it has been settled and adjusted to its satisfaction, and thereupon the report shall become a report stated. If no objection to said report is filed within a period of sixty (60) days after it has been received, it shall be deemed to have been settled and allowed in like manner as if the SETTLOR had endorsed thereon a statement of approval as aforesaid, and thereupon the report shall become a report stated. -----------------------------------

(4) Not later than sixty (60) days after the end of each year calendar the TRUSTEE shall give to the BOARD a financial statement showing the balance in the fund at the beginning of the year, current period contributions, and amount and nature of




12

Case:10-08844-MCF11 Doc#:18-2 Filed:09/30/10 Entered:09/30/10 15:57:46 Desc: Exhibit Trust Fund Agreement 2 Page 3 of 11

339

final payments, including a separate accounting for claims management, legal expenses, claims paid, expenses involved with the maintenance of the fund, actuarial expenses, and the fund balance including a report of all securities or other property in which funds have been invested by the TRUSTEE on behalf of the SETTLOR. ------------------------

(5) Except when otherwise provided by law, when it is provided herein that an account shall have become an account stated, such an account shall be deemed to be finally settled and shall be conclusive between and among the TRUSTEE, the SETTLOR, the BOARD, and all persons having or claiming to have any interest in the Trust or under the Risk Management Program, and such settlement of an account shall constitute a full and complete discharge and release of the TRUSTEE, with like effect as if such account had been settled and allowed by a judgment or decree of a court of competent jurisdiction in an action or proceeding in which the TRUSTEE, the SETTLOR, the BOARD, and all persons having or claiming to have any interest in the Trust or under the Risk Management Program were parties. The TRUSTEE shall have the right to apply at any time to a court of competent jurisdiction for the judicial settlement of its account, and in any such action or proceeding it shall only be necessary to join as parties thereto the TRUSTEE, and the SETTLOR, and any judgment or decree which may be entered therein shall be conclusive on all parties having or claiming to have any interest in the Trust or under the Risk Management Program. ------------------------------



CERTIFICO QUE: ..........
El presente documento es COPIA SIMPLE fiel y exacta del original que obra en mi Protocolo de Instrumentos Públicos......................

Notario Público





13

Case:10-08844-MCF11 Doc#:18-2 Filed:09/30/10 Entered:09/30/10 15:57:46 Desc: Exhibit Trust Fund Agreement 2 Page 4 of 11

340

(6) During the life of this Trust and for a period of five (5) years thereafter, the TRUSTEE shall make available, upon written request, to the Banks, to the Secretary of Health of the United States, or any of its authorized representatives and the Insurance Commissioner of the Commonwealth of Puerto Rico as well as to any authorized governmental unit, all books, documents and accounts with respect to the management and administration of the Trust fund. ----------------

VI. RESIGNATION, REMOVAL AND SUCCESSION OF TRUSTEE: -----------------------------------------

(1) The TRUSTEE may resign its duties as TRUSTEE hereunder by filing with the SETTLOR its written resignation. No such resignation shall take effect until ninety (90) days from the date thereof unless prior thereto a successor TRUSTEE shall have been appointed. ----------------------------------------

(2) The TRUSTEE may be removed by the SETTLOR at any time upon giving sixty (60) days notice in writing to the TRUSTEE, but such notice may be waived by the TRUSTEE. Such removal shall be effected by delivering to the TRUSTEE a written notice of its removal, executed by the SETTLOR, pursuant to the direction of the BOARD and by giving notice to the TRUSTEE of an appointment of a successor TRUSTEE in the manner hereinafter set forth. -------------------------------------------

(3) The appointment of a successor TRUSTEE hereunder shall be accomplished by and shall take effect upon the delivery to the resigning or removed TRUSTEE, as the case may be of (a) an instrument in writing appointing such successor




14

Case:10-08844-MCF11 Doc#:18-2 Filed:09/30/10 Entered:09/30/10 15:57:46 Desc:
Exhibit Trust Fund Agreement 2 Page 5 of 11

341

TRUSTEE executed by the SETTLOR pursuant to the direction of the BOARD and (b) an acceptance in writing of the office or successor TRUSTEE hereunder executed by the successor so appointed.

(4) Any successor TRUSTEE hereunder may be either a corporation authorized and empowered to exercise trust powers or may be one or more individuals as determined by the SETTLOR. All provisions set forth herein with respects to the TRUSTEE shall relate to each successor TRUSTEE so appointed with the same force and effect as if such successor TRUSTEE had been originally name herein as the TRUSTEE hereunder. -------------------------------

(5) Upon the appointment of a successor TRUSTEE, the resigning or removed TRUSTEE shall transfer and deliver the Trust to such successor TRUSTEE, after reserving such reasonable amount as it shall deem necessary to provide for its expenses in the settlement of its account, the amount of any compensation due to it and any sums chargeable against the Trust for which it may be liable, but if the sums so reserved are not sufficient for such purposes; the TRUSTEE shall have been appointed shall be entitled to reimbursement for any deficiency from the successor TRUSTEE or the SETTLOR or both of them. -------------------------

VII. DURATION AND TERMINATION OF TRUST: This Trust shall continue for such time as may be necessary to accomplish the purpose for which it was created; but may be terminated and discontinued for reasons beyond the control of the SETTLOR's BOARD. Notice of such termination shall be given to the TRUSTEE and to the Insurance Commissioner of




15

Case:10-08844-MCF11 Doc#:18-2 Filed:09/30/10 Entered:09/30/10 15:57:46 Desc: Exhibit Trust Fund Agreement 2 Page 6 of 11

342

the Commonwealth of Puerto Rico by an instrument in writing executed by the President of SETTLOR's Board of Directors signed and declaring that the Trust hereby established is terminated. A termination of the Trust hereby established pursuant to action of the BOARD shall take effect as of the date of the delivery of such notice to the TRUSTEE. The TRUSTEE shall be protected in following the directions of the BOARD and upon making payments pursuant to its directions shall be relieved from any and all further liability with respect to all amounts so paid. Upon termination of the Trust, the TRUSTEE shall continue to have and exercise all the powers and duties in this Agreement set forth until liquidation and distribution of the assets of the Trust have been completed. If the Trust is terminated by reason of the SETTLOR's ceasing to exist or going out of business and if there shall be at any time no one authorized to act under the Plan, the TRUSTEE shall assume the responsibilities and duties, and become entitled to the immunities of the BOARD for the purpose of liquidating the Trust and distributing the assets thereof remaining. Upon termination of the Plan and liquidation of the Trust assets, the Trust assets shall be returned to HOSPITAL DAMAS and/or the SETTLOR and shall remain deposited in an interest bearing account for a period of one (1) year thereafter, except such amounts as may be required to pay any outstanding present malpractice claims against HOSPITAL DAMAS and/or the SETTLOR. During said one (1) year period, the HOSPITAL DAMAS and/or the SETTLOR shall maintain the Trust's

16

Case:10-08844-MCF11 Doc#:18-2 Filed:09/30/10 Entered:09/30/10 15:57:46 Desc: Exhibit Trust Fund Agreement 2 Page 7 of 11

343

assets with a minimum market value of One Million Dollars ($1,000,000.00) or such balance as required pursuant to an actuarial report or as required by the Insurance Commissioner of the Commonwealth of Puerto Rico. ------------------------------------

**VIII. AMENDMENTS:** (1) The SETTLOR shall have the right at any time and from time to time by an instrument in writing delivered to the TRUSTEE, executed pursuant to the order of its BOARD in from similar to the execution of this Trust Agreement, to modify or amend this Agreement in whole or in part except with the written consent of the TRUSTEE and further excepting that no amendment shall be made pursuant to which any part of the Trust may be used for or diverted to purpose other than for the payment of malpractice claims against HOSPITAL DAMAS and/or the SETTLOR prior to the satisfaction of all liabilities with respect so such recognized and accepted as final claims under this Trust. ---

**IX. MISCELLANEOUS:** (1) Any words or phases used in this Agreement which are defined in the Risk Management Program shall have the meaning set forth therein unless a different meaning is required by the context in which they are used in this Agreement. The titles and headings of sections of this Trust Agreement are placed herein for convenience of reference only and in case of any conflict, the context of this instrument, rather than such titles and headings, shall control. ----

(2) The validity and effect of this Trust Agreement and the rights and obligations of all parties hereto and of all other persons affected thereby shall be constructed and determined in

17




Case:10-08844-MCF11 Doc#:18-2 Filed:09/30/10 Entered:09/30/10 15:57:46 Desc: Exhibit Trust Fund Agreement 2 Page 8 of 11

344



CERTIFICO QUE: ..........
.. El presente documento es
COPIA SIMPLE fiel y exacta
del original que obra en mi
Protocolo de Instrumentos
Públicos......................

Notario Público



accordance with the laws of the Commonwealth of Puerto Rico, except where superseded by the laws of the United States. In case any provisions of this Trust Agreement shall be held illegal or invalid for any reason whatsoever said illegality or invalidity shall not affect the remaining parts of the Trust Agreement, and this Trust Agreement shall be construed and enforced as if said illegal and invalid provisions had never been inserted herein.

X. ACCEPTANCE: The appearing parties hereby accept, ratify, and confirm this Deed, and I, the Notary, do hereby certify that I have advised them as to the pertinent legal warning and of the legal effects of the present document as well as of their right under the Notarial Law of Puerto Rico to have two witnesses to appear herein and read and sign this Deed together with them, which right they have waived, and this Deed having been read by them, to which fact I hereby certify, the said appearing parties approve and ratify its contents and sign the same before me, and affix their initials on each and every page of this instrument all before me, the Notary. ---------------------------------
----WHEREFORE, I, the Notary, authorizing this instrument, certify upon my notarial faith and under my signature, mark, and seal attest to all of which is hereinabove stated. -----------------------



18

Case:10-08844-MCF11 Doc#:18-2 Filed:09/30/10 Entered:09/30/10 15:57:46 Desc:
Exhibit Trust Fund Agreement 2 Page 9 of 11

345


CERTIFICO QUE: .........
El presente documento es
COPIA SIMPLE fiel y exacta
del original que obra en mi
Protocolo de Instrumentos
Públicos......................
Notario Público

## CERTIFICACION CORPORATIVA

**WALDEMAR DEL VALLE ARMSTRONG**, mayor de edad, casado, abogado y vecino de Ponce, Puerto Rico, **CERTIFICA**:

Que su nombre y circunstancias personales son las anteriormente expresadas; que es el Secretario de la Junta de Directores de **DAMAS FOUNDATION, INC.** y que en el Libro de Actas de dicha Corporación que se encuentra bajo su custodia aparece la resolución aprobada por unanimidad por la Junta de Directores, estando presente el quórum reglamentario, en reunión celebrada el día 26 de junio de 2003, la cual transcrita literalmente lee como sigue:

"**RESUELVASE**, autorizar al Sr. Roberto Antonio Rentas Ramos para que, a nombre y en representación de **DAMAS FOUNDATION, INC.**, proceda a otorgar la correspondiente enmienda al fideicomiso que estableció el Fondo de Garantía de Hospital Damas, Inc., conocido como "DAMAS SELF INSURANCE TRUST FUND", a los únicos efectos de cumplir con los requisitos del Código de Seguros de Puerto Rico y expresamente se le autoriza a otorgar cuantos documentos públicos o privados fueren necesarios a esos efectos." ------------------------------------

**EN TESTIMONIO DE LO CUAL**, jura y suscribe la presente Certificación, estampando en ella el sello de la Corporación, en Ponce, Puerto Rico, hoy día 26 de junio de 2003. ------------------


(SELLO CORPORATIVO)

_____
WALDEMAR DEL VALLE ARMSTRONG
Secretario
Junta de Directores

Afidávit Núm. -2088-

Jurada y suscrita ante mí por **don Waldemar del Valle Armstrong**, de las circunstancias personales antes expresadas, en su carácter de Secretario de la Junta de Directores de **DAMAS FOUNDATION, INC.**, a quién doy fe de conocer personalmente, en Ponce, Puerto Rico, hoy día 26 de junio de 2003.--

_____
Notario Público

J 346

## CERTIFICACION CORPORATIVA

**JORGE R. MARTIN SURIA**, mayor de edad, casado y vecino de Ponce, Puerto Rico, **CERTIFICA**:

Que su nombre y circunstancias personales son las anteriormente expresadas; que es el Secretario de la Junta de Directores de **HOSPITAL DAMAS, INC.** y que en el Libro de Actas de dicha Corporación que se encuentra bajo su custodia aparece la resolución aprobada por unanimidad por la Junta de Directores, estando presente el quórum reglamentario, en reunión celebrada el día 25 de junio de 2003, la cual transcrita literalmente lee como sigue:

"**RESUELVASE**, autorizar al Sr. Roberto Antonio Rentas Ramos para que, a nombre y en representación de **HOSPITAL DAMAS, INC.**, proceda a otorgar la correspondiente enmienda al fideicomiso que estableció el Fondo de Garantia de Hospital Damas, Inc., conocido como "DAMAS SELF INSURANCE TRUST FUND", a los únicos efectos de cumplir con los requisitos del Código de Seguros de Puerto Rico y expresamente se le autoriza a otorgar cuantos documentos públicos o privados fueren necesarios a esos efectos." ----------------------------------

**EN TESTIMONIO DE LO CUAL**, jura y suscribe la presente Certificación, estampando en ella el sello de la Corporación, en Ponce, Puerto Rico, hoy día -27- de junio de 2003. ----------------

(SELLO CORPORATIVO)

CERTIFICO QUE:..........
....El presente documento es
COPIA SIMPLE, fiel y exacta
del original que obra en mi
Protocolo de Instrumentos
Públicos............

Notario Público

_____
JORGE R. MARTIN SURIA
Secretario
Junta de Directores

Afidávit Núm. -2090-

Jurada y suscrita ante mí por **don Jorge R. Martín Suria**, de las circunstancias personales antes expresadas, en su carácter de Secretario de la Junta de Directores de **HOSPITAL DAMAS, INC.**, a quién doy fe de conocer personalmente, en Ponce, Puerto Rico, hoy día -27- de junio de 2003.--

Notario Público

Case:10-08844-MCF11 Doc#:18-2 Filed:09/30/10 Entered:09/30/10 15:57:46 Desc:
Exhibit Trust Fund Agreement 2 Page 11 of 11

347

## CERTIFICATE OF RESOLUTION

The undersigned, Assistant Secretary of the Board of Directors of Banco Popular de Puerto Rico (the "Bank"), does hereby certify that at a meeting of the Board of Directors of the Bank held on the 30th day of April, 2003, at which a quorum was present and acting throughout, a resolution was duly and regularly adopted, which is in full force and effect and unrescinded, and read as follows:

"RESOLVED, that any one (1) of the officers listed herein is authorized and empowered to authenticate any bond, note, participation certificate and to execute, acknowledge, affix the seal of the Bank to, and deliver any and all other instruments or documents (and to attest to the seal when necessary or desirable) in the name and on behalf of Banco Popular de Puerto Rico as Trustee, Administrator, Escrow Agent, Transfer Agent, Registrar, Co-Transfer Agent or in any other fiduciary capacity and, without limiting the authority hereinbefore granted, (1) to assign and transfer any certificates of stock, bonds, mortgages or other property and (2) to sell and assign and request payment or reissue of any and all obligations, including United States bonds of any descriptions now or hereinafter held in any such fiduciary capacity: Richard L. Carrión, Chairman of the Board of Directors, President and Chief Executive Officer; Jorge A. Junquera, Senior Executive Vice President, David H. Chafey, Senior Executive Vice President; Luis R. Cintrón, Senior Vice President and Trust Officer; Héctor Rivera Rivera, Vice President; Maryvette Velázquez Torres, Vice President; Mirelba Blanco Santiago, Vice President; Carlos J. Orlandi, Vice President, Carlos M. Cintrón, Vice President, Jaime A. Toro, Assistant Vice President, Luis Muñoz Morales, Officer and Lillian Pantoja, Officer.

IN WITNESS HEREOF, I have hereunto set my hand and affixed the seal of the Bank in San Juan, Puerto Rico, this 2nd day of May, 2003.

*[signature]*
Brunilda Santos de Alvarez
Assistant Secretary

Affidavit Number: 3742 (copy)

Subscribed to and acknowledged to before me by Mrs. Brunilda Santos de Alvarez of legal age, married, lawyer and resident of Guaynabo, Puerto Rico, Assistant Secretary of the Board of Directors of Banco Popular de Puerto Rico, to me personally known at San Juan, Puerto Rico, this 2nd day of May, 2003.

*[notary seal: PAULETTE LAVERGNE CUYAR, PUERTO RICO, ABOGADA-NOTARIO]*

*[signature]*
Notary Public

CERTIFICO QUE: ..........
.... El presente documento es
COPIA SIMPLE fiel y exacta
del original que obra en mi
Protocolo de Instrumentos
Públicos..............

*[signature]*
Notario Público