UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

HOSPITAL DAMAS, INC.

    Debtor

CASE NO. 10-08844(MCF)

CHAPTER 11

MOTION FOR AN ORDER TO SHOW CAUSE DIRECTED TO DR. JORGE GUZMAN VILLALONGA AND HIS CONJUGAL PARTNERSHIP, LUIS M. ORTEGA GARCIA, ESQ., DR. JESUS MONASTERIO AND HIS CONJUGAL PARTNERSHIP, ANSELMO IRIZARRY IRIZARRY, ESQ., RAFAEL MAYORAL MORALES, ESQ., OLGA MALDONADO AND HER SON JOSUED NARVAEZ MALDONADO AND RAFAEL GARCIA RODÓN, ESQ.

TO THE HONORABLE COURT:

COMES NOW Debtor through its undersigned counsel and very respectfully states and requests:

1. On September 24, 2010, Debtor filed its voluntary petition for relief under 11 U.S.C. Chapter 11 and as of that date has been managing its affairs and operating its business as a debtor-in-possession, as provided for in 11 U.S.C. §§ 107 and 1108.

2. Prior to the filing of Debtor's Chapter 11 petition, Olga Maldonado and her son Josued Narvaez Maldonado had filed a complaint, inter alia, against Debtor, with the United States District Court for the District of Puerto Rico in the case styled In re Olga Maldonado, et als vs. Hospital Damas, et als in Case Number 09-1240(CCC).

3. Upon the filing of Debtor's Chapter 11 petition, the automatic stay provisions of 11 U.S.C. §362(a) were triggered.

4. 11 U.S.C. § 362(a) states:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or

>　　an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
>　　(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
>　　(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
>　　(4) any act to create, perfect, or enforce any lien against property of the estate;
>
>　　(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
>　　(6) any act to collect, assess, or recover a claim against the debtor that　　arose before the commencement of the case under this title;

　　5.　　With full knowledge of the filing of Debtor's Chapter 11 petition and that the provisions of 11 U.S.C.§362(a) had stayed Civil Number 09-1240 against Debtor, Dr. Jorge Guzmán Villalonga and his Conjugal Partnership, Dr. Jesus Monasterio and his conjugal Partnership, Olga Maldonado and her son Josued Narvaez Maldonado (the "Respondents"), and their respective counsel Luis Mr. Ortega García, Esq., Anselmo Irizarry Irizarry, Esq., Rafael Mayoral Morales, Esq., Rafael García Rodón, Esq. have opted to continue with the proceedings in Civil Number 09-1240, seeking to enforce an unenforceable alleged settlement with, inter alia, Debtor. (See Exhibit A).

　　6.　　As set forth in 11 U.S.C. §105(a), this Court has the power to issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of the Bankruptcy Code.

7.  In re Ragar, 3 F.3d. 1174 (8th Cir. 1993), holds that Section 105(a) delegates authority to a bankruptcy court to enter orders of criminal contempt because such power is necessary and appropriate in order to enforce the order for whose violation it is imposed. As held in In re Walters, 868 F.2d. 665 (4th Cir. 1989) and In re Skinner, 917 F.2d. 444 (10th Cir. 1990), this Court also has the power to issue civil contempt orders.

8.  Actions taken in violation of the stay are invalid and voidable and shall be voided absent limited equitable circumstances. Easley v. Pettibone Michigan Corp., 990 F.2d. 905 (6th Cir. 1993); In re Soares, 107 F.3d. 969 (1st Cir. 1997); In re Vierkant, 240 B.R. 317 (8th Cir. B.A.P. 1999). Accord In re Soares, 107 F.3d. 969 (1st Cir. 1997).

## NOTICE

Within ten (10) days after service as evidenced by the certification set forth below and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this motion with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

WHEREFORE, it is respectfully requested that an order be entered directing Respondents to appear before the Court and show cause as to why they should not

be found guilty of contempt for having violated the automatic stay provisions of 11 U.S.C. §362(a) and sanctions and attorneys fees imposed on them.

CERTIFICATE OF SERVICE: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee, and all participants of CM/ECF. Copy of the instant motion was sent via certified mail number 7009 2820 0001 3472 3905 to Dr. Jorge Guzmán Villalonga and his conjugal partnership, Catalina Street #1, Parque de Bucaná II, Guaynabo, PR 00969; certified mail number 7009 2820 0001 3472 3912 to Luis M. Ortega García, Esq. and José A. Miranda Daleccio, Esq., Miranda Cardenas & Cordova, PO Box 9023998, San Juan, PR 00902-3998; certified mail number 7009 2820 0001 3472 3929 to Dr. Jesús Monasterio and his Conjugal Partnership, Edif. Parra Oficina 408, #2225 Ponce By Pass, Ponce, PR 00717-1320; certified mail number 7009 2820 0001 3472 3936 to Anselmo Irizarry Irizarry, Esq., PO Box 335060, Ponce, PR 00733-5060; certified mail number 7009 2820 0001 3472 3943 to Rafael Mayoral Morales, Esq., Latimer, Biaggi, Rachid & Godreau, PO Box 9022512, San Juan, PR 00902-2512; certified mail number 7009 2820 0001 3472 3950 to Olga Maldonado and her son Josued Narvaez Maldonado, PO Box 2063, Belleview, FL 34421-2063; and certified mail number 7009 2820 0001 3472 3967 to Rafael E. García-Rodón, Esq., Rafael E. García Rodón Law Office, Banco Popular Bldg., 7th Floor, Suite 701, 206 Tetuán St, Old San Juan, PR 00901-1815.

San Juan, Puerto Rico, this 30th day of September, 2010.

S/CHARLES A. CUPRILL-HERNANDEZ
USDC-PR 114312
CHARLES A. CUPRILL, P.C.S. LAW OFFICES
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel.: 787-977-0515
Fax: 787-977-0518
E-mail: ccuprill@cuprill.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OLGA MALDONADO, et als.<br><br>Plaintiffs<br><br>vs.<br><br>HOSPITAL DAMAS, et als.<br><br>Defendants | CIVIL NO.: 09-1240 (CCC)<br><br><br><br>PLAINTIFF'S DEMAND TRIAL BY JURY |

## JOINT MOTION REQUESTING SUMMARY ENFORCEMENT OF SETTLEMENT AGREEMENT

**TO THE HONORABLE COURT:**

**COME NOW** co-defendants **Dr. Jorge Guzmán Villalonga and his Conjugal Partnership**, represented by attorney Luis M. Ortega García and co-defendants; **Dr. Jesus Monasterio ans his Conjugal Partnerhip** represented by attorneys Anselmo Irizarry Irizarry and Rafael Mayoral Morales; and plaintiffs, **Olga Maldonado and her son Josued Narvaez Maldonado**, represented by attorney Rafael García Rodón, very respectfully request the summary enforcement of a certain settlement agreement reached under the eyes of this Court, based upon the following undisputed facts and legal basis:

### I. FACTUAL BACKGROUND

1. On August 16, 2010, the parties appeared before the Court for a settlement conference. At that time, Plaintiffs had made a settlement demand of $850,000. Defendants, on the other hand, had at the time been able to raise the sum of $750,000 and therefore made a joint offer of settlement for the aforesaid

*amount. At that time the parties agreed that the sum of $800,000 would settle the case, once reached. Said settlement figure was predicated upon the already tendered and accepted contribution by Hospital Damas of $500,000 dollars; of $150,000 offered by Dr. Jorge Guzmán, his conjugal partnership and his insurance carrier, and $150,000 to be contributed by Dr. Jesús Monasterio, his conjugal partnership and his insurance carrier, of which $125,000 dollars had already been offered.*

*2. On August 16, 2010, after Hospital Damas requested, together with the herein appearing co-defendants, that Plaintiffs maintain their offer to settle for $800,000 until the second settlement conference, to precisely find a way to raise the difference required to reach the $800,000 settlement figure tendered by Plaintiffs, the following agreement was reached before the eyes of the Court by all the parties:*

> **Plaintiffs agreed to the aforesaid request and therefore announced before the Court and all the parties that it would maintain its offer to settle for $800,000 until the second settlement conference. Hospital Damas, in turn, also agreed before the eyes of the Court that it would maintain its offer to contribute with $500,000 dollars to the settlement until the August 24, 2010 second settlement conference unfolded. Co-defendants Dr. Jorge Guzmán Villalonga and his Conjugal Partnership, together with co-defendants Dr. Jesus Monasterio and his Conjugal Partnership also agreed to the aforesaid terms, as**

*the greater part of the effort to raise the difference necessary to reach the settlement figure rested primarily on the shoulders of one of them.   The parties also agreed, in good faith, that if this settlement was reached, it would dispose of the liability alleged against the herein settling defendants in the state court claim (Civil No. JDP-2009-0151), except for, and without prejudice of the claim that Plaintiffs' relative had against Dr. Virgilio Rodríguez, for the same medical incident.*

As the Honorable Court is aware, the $800,000 settlement figure demanded by Plaintiff was indeed reached during the second settlement conference held on August 24, 2010.  Upon reaching the settlement figure, counsel for Hospital Damas requested permission to make a phone call and upon concluding the same announced to the Court that Hospital Damas was withdrawing its offer.

The parties herein contend that every party, including Hospital Damas and plaintiffs, are bound by the representations and agreement made before the eyes of the Court to all the parties.  To that effect none of the parties to the agreement could unilaterally withdraw from its pledge before the second settlement conference take effect.

## II.  LEGAL BASIS

"Where an agreement is made, as here, under the eyes of the Court, it is a most solemn undertaking, requiring the lawyers, as officers of the court, to make every reasonable effort to carry through to a successful conclusion."  <u>Warner v. Rossignol</u>, 513 F.2d 678 U.S.C.A. 1st Cir. (1975)  See also <u>Autera v. Robinson</u>, 136 U.S. App. D.C. 216, 419 F.2d 1197, affirming the well established principle that a

*trial court retains an inherent power to supervise and enforce settlement agreements entered into by parties to an action pending before the court.*

*Pursuant to Article 1210 of the Puerto Rico Civil Code, 31 L.P.R.A. Sec. 3375, "[c]ontracts are perfected by the mere consent, and from that time they are binding, not only with regard to the fulfillment of what has been expressly stipulated, but also with regard to all the consequences which, according to their character, are in accordance with good faith, use, and law." By the same token, Article 1068 of the Puerto Rico Civil Code, 31, L.P.R.A. Sec. 3043 specifically states that "[i]f the fulfillment of the condition should depend upon the exclusive will of the debtor, the conditional obligation shall be void. If it should depend upon chance or upon the will of a third person, the obligation shall produce all its effects in accordance with the provisions of this title."*

*Interpreting Article 1068, supra., the Supreme Court of Puerto Rico has stated that the contracting parties cannot by stipulation limit the scope of the terms of the contract without the consent of a third person, who participated in the agreement by approving it and without whose intervention and approval the contract would not have been made. <u>Caribbean Eng. Co.</u> v. <u>Municipality</u> 60 D.P.R. 26 (1942). In that sense, it is clear that **none** of the parties to the agreement, once reached, could unilaterally withdraw without consequence from it, unless it previously obtain the consent of all the other parties. This long standing principle was affirmed and has remained in effect since <u>Hernández</u> v. <u>Cadilla</u>, 29 D.P.R. 745 (1921), wherein the Supreme Court of Puerto Rico stated that when the fulfillment of a condition does not depend exclusively upon the will of the obligor, but also*

*upon that of a third person over whom he has no control, if the former does all that he was required to do, his obligation is fulfilled and he can demand that the other party comply with the agreement.*

*In this case, as the Court is well aware, in the course of the second settlement conference held on August 24, 2010, Dr. Jesús Monasterio filled the gap necessary to achieve the settlement figure within the term stipulated by all the parties, by contributing an additional $25,000 dollars to the $125,000 he had already offered. To the extent that Article 1208 of the Puerto Rico Civil Code, 31 L.P.R.A. Sec. 3373 expressly provides that "the validity and fulfillment of contracts cannot be left to the will of one of the contracting parties", it comes to sound legal reason that none of the parties could unilaterally withdraw their agreed commitment to maintain their respective offers until the August 24, 2010 second settlement conference was held and concluded.*

***WHEREFORE****, the herein appearing parties very respectfully request the Honorable Court issue an ORDER to co-defendant Hospital Damas, to enforce the settlement agreement whereby it committed itself to contribute with the amount of $500,000 dollars towards the payment of the settlement figure of $800,000 accepted by Plaintiffs which, as a matter of law, was reached before the eyes of the Court on August 16, 2010 and August 24, 2010.*

***RESPECTFULLY SUBMITTED****.*

*In San Juan, Puerto Rico, this 24th day of September, 2010.*

***WE HEREBY CERTIFY*** *that on this same date we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF Systems to notify all attorneys of record.*

| S/Rafael E. García Rodón | S/Anselmo Irizarry Irizarry |
|---|---|
| **RAFAEL E. GARCIA RODON** <br> **USDC-PR 129911** <br> *Attorneys for the plaintiff* <br> Banco Popular De Puerto Rico <br> 206 Tetuan Street <br> 7th Floor, Suite 701 <br> San Juan, Puerto Rico 00901 <br> Phone: (787) 722-7788 <br> Fax: (787) 722-7748 <br> Email : rgrlaw@gmail.com | **ANSELMO IRIZARRY IRIZARRY** <br> **USDC No. 206007** <br> **MATTA & MATTA, PSC LAW FIRM** <br> *Counsel for codefendant Dr. Jesús Monasterio and his Conjugal Partnership* <br> Comercio #94 Altos <br> PO Box 335060 <br> Ponce, Puerto Rico  00733-5060 <br> Telephone:   (787)  844-0220 <br> Telecopier:   (787)  844-0279 <br> airizarry@mattaymattapsc.com |
| **S/Luis M. Ortega García** | **S/Rafael Mayoral Morales** |
| **LUIS M. ORTEGA-GARCIA** <br> USDC. 213914 <br> P.O. Box 9023998 <br> San Juan, P.R. 00902-3998 <br> Tel. (787) 721-3208 <br> Fax. (787) 721-7875 <br> E-Mail:  ortegalaw@microjuris.com | **RAFAEL MAYORAL MORALES** <br> **USDC NO. 204014** <br> *Counsel for codefendant Dr. Jesús Monasterio and his Conjugal Partnership* <br> **LATIMER BIAGGI RACHID & GODREAU** <br> PO Box 9022512 <br> San Juan, PR 00902-2512 <br> Tel. (787) 724-0230 <br> Fax (787) 724-9171 <br> E-mail:  rmayoral@lbrglaw.com |