UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

HOSPITAL DAMAS, INC.

    Debtor

CASE NO. 10-08844(MCF)

CHAPTER 11

ANSWER TO UNITED STATES TRUSTEE'S POSITION REGARDING EMPLOYMENT APPLICATIONS OF ATTORNEY AND ACCOUNT FOR DEBTOR

TO THE HONORABLE COURT:

    COMES NOW Debtor through its undersigned counsel and very respectfully states and requests:

    1. On September 24, 2010, Debtor filed its voluntary petition for relief under 11 U.S.C. Chapter 11 and as of that date has been managing its affairs and operating its business as a debtor-in-possession, as provided for in 11 U.S.C. §§ 107 and 1108.

    2. On September 27, 2010, Debtor respectively filed applications for the appointment of Charles A. Cuprill, PSC, Law Offices ("Cuprill"), as its counsel, and of CPA Luis R. Carrasquillo & CO, PSC ("Carrasquillo") (the "Applications"), as its financial consultant. (Docket Nos. 7 and 8).

    3. The Applications provide:

> In light of the professional services to be rendered in the short term and the nature of this case, it is requested that [Cuprill, Carrasquillo] be allowed to file [their] applications for interim compensation every sixty days from [their] appointment as Debtor's [legal and financial] representative[s].

    4. On September 28, 2010, the United States Trustee stated his position regarding the Applications insofar as they provide for the filing of applications for

| | |
|---|---|
| **Hospital Damas, Inc.** | **Case No. 10-08844(MCF)** |
| *Answer to the United States Trustee's Position Regarding Employment* | |
| *Applications of Attorney and Accountant for Debtor* | Page-2- |

interim compensation and reimbursement of expenses every 60 days, averring that "Debtor's simple and broad allegation of "in light of the professional services to be rendered in the short term and the nature of this case" does not warrant the reduction of the term provided in 11 U.S.C.§331". The United States Trustee goes on stating that the "absence of specific facts and/or circumstances should act against said reduction which shall be the exception not the general rule". (Docket No. 13).

     5.    11 U.S.C.§331 provides:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement

     6.    Courts have routinely provided for compensation to professionals in bankruptcy cases different than every 120 days. In In re Kaiser Steel Corporation, 74 B.R. 885, 892-93 (Bankr.D.Colo.1987); In In re Knudsen Corporation, 84 B.R. 668 (9th Cir. BAP 1988),; In In re Mariner Post-Acute Network, Inc., 257 B.R. 723, 731 (Bankr.D.Del.2000); In re ACT Mfg., Inc., 281 B.R. 468, 475 (Bankr. D. Mass. 2002).

     7.    To this effect, the United States Bankruptcy Court for the District of Delaware authorizes and establishes procedures in large Chapter 11 cases for the compensation of court-approved professionals on a monthly basis in a manner that will streamline the professional compensation process and enable the Court and all

*Hospital Damas, Inc.* Case No. 10-08844(MCF)
*Answer to the United States Trustee's Position Regarding Employment*
*Applications of Attorney and Accountant for Debtor* Page-3-

other parties to monitor more effectively the professional fees incurred in the corresponding Chapter 11 cases.

    8. Such procedure consists of:

        a) No earlier than the 5th day of each calendar month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application (including the relevant time entry and description and expense detail) with this Court pursuant to section 331 of the Bankruptcy Code for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application"), and serve a copy of such Monthly Fee Application on all of Debtor's creditors not previously notified by the CM/ECF system.
All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

        b) Each Notice Party will have eighteen (18) days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). If no objections are raised prior to the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with this Court, after which the Debtors shall be authorized to pay such Professional an amount equal to 80% of the fees and 100% of the expenses requested in its Monthly Fee Application (the "Maximum Interim Payment"). If an objection is properly filed, the Debtors shall be authorized to pay the Professional 80% of the fees and 100% of the expenses not subject to an objection (the "Actual Interim Payment"). The first Monthly Fee Application

**Hospital Damas, Inc.**                      **Case No. 10-08844(MCF)**
*Answer to the United States Trustee's Position Regarding Employment*
*Applications of Attorney and Accountant for Debtor*          Page-4-

submitted by each Professional shall cover the period from the Petition Date through and including September 2010.

c) If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with this Court and serve on such Professional and each other Notice Party a written objection (an "Objection") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fifteen (15) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with this Court, together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to such Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time this Court will consider and rule on the Objection if requested by the parties.

d) Beginning with the approximate three-month period from the Petition Date and ending on December 31, 2010, and at each three-month period thereafter, each Professional shall file with this Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during

**Hospital Damas, Inc.** Case No. 10-08844(MCF)
*Answer to the United States Trustee's Position Regarding Employment*
*Applications of Attorney and Accountant for Debtor* Page-5-

such three-month period (the "Interim Fee. Period") pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must identify the covered Monthly Fee Applications and include any other information requested by this Court or required by the Local Rules. Interim Fee Applications shall be filed with this Court and served on the Notice Parties within 45 days after the end of the applicable Interim Fee Period. Each Professional shall file its first Interim Fee Application on or before October 24, 2010, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including October 24, 2010.

e) The Debtors shall request that this Court schedule a hearing on Interim Fee Applications at least once every six (6) months or at such other intervals as this Court deems appropriate.

f) The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

g) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or this Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of

| | |
|---|---|
| **Hospital Damas, Inc.** | Case No. 10-08844(MCF) |
| *Answer to the United States Trustee's Position Regarding Employment* | |
| *Applications of Attorney and Accountant for Debtor* | Page-6- |

expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by this Court.

## Basis For Relief

9. Absent an order of this Court, section 331 limits payment of fees and expenses to Professionals rendering services in Chapter 11 Cases to only three times per year.

10. Congress' intent in enacting Section 331 is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330. H.R. Rep. No. 595, 95th Congo 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

11. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). As set forth above and below, courts have regularly entered orders, in accordance with section 105(a) of the Bankruptcy Code, establishing procedures providing for the interim compensation and expense reimbursement of professionals on a monthly basis. Factors generally considered by the courts in determining whether such relief is warranted include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the

Case:10-08844-MCF11 Doc#:42 Filed:10/07/10 Entered:10/07/10 16:40:56 Desc: Main
Document Page 7 of 10

**Hospital Damas, Inc.**      **Case No. 10-08844(MCF)**
*Answer to the United States Trustee's Position Regarding Employment*
*Applications of Attorney and Accountant for Debtor*     Page-7-

debtors." In re Int'l Horizons, Inc., 10 B.R. 895, 897-98 (Bankr. N.D. Ga. 1981). In considering these factors, courts have determined that interim compensation procedures are appropriate to avoid having the professionals fund the debtor's reorganization proceedings. See id. at 897.

12. While professional persons are ordinarily expected to file applications for interim compensation not more frequently than every 120 days, this practice can be modified upon proper showing of cause. In re Niover Bagels, Inc., 214 B.R. 291(Bankr. E.D. N.Y. 1997).

13. It is appropriate to allow debtors' attorneys and other professionals to apply more frequently than every 120 days for interim compensation due to the size of reorganization cases, complexity of issues involved, and time required on the part of professionals in providing services necessary to achieve the successful reorganization of debtors. In re International Horizons, Inc., 10 B.R. 895 (Bankr. N.D. Ga. 1981).

14. Courts have recognized that Chapter 11 debtor's counsel may deviate from usual 120-day minimum frequency of interim fee applications under 11 U.S.C. §331 and may apply every 60 days where counsel will be required to defend numerous relief-from-stay motions, 11 U.S.C. § 365 motions, and numerous other motions in early months of case which will exhaust the retainers quickly, and counsel should not have to bear entire risk of reorganization. In re Fitzsimmons Trucking, Inc., 124 B.R. 556 (Bankr. D. Minn. 1991). .

15. For Puerto Rico standards, the instant case is a large sized case consisting of $24,017,166.52 in assets and $21,267,263.62 in liabilities, with more than 200 creditors. Debtor operates one of the principal gynobstetrical hospitals in

| | |
|---|---|
| **Hospital Damas, Inc.** | **Case No. 10-08844(MCF)** |
| *Answer to the United States Trustee's Position Regarding Employment* | |
| *Applications of Attorney and Accountant for Debtor* | Page-8- |

Puerto Rico and its Chapter 11 proceedings required the negotiating with Banco Popular de Puerto Rico ("BPPR"), Debtor's principal creditor, the use of BPPR's cash collateral and the obtention of post-petition financing to assure Debtor's effective reorganization, which are already in place subject to the approval of the Court. (See Docket No. 4).

16. Moreover, Debtor has agreed with BPPR for its Chapter 11 proceedings to be managed as a fast track basis with the filing of Debtor's Chapter 11 plan of reorganization within 120 days from the date of the Chapter 11 petition and its confirmation 60 days thereafter (Docket No. 4), which requires extensive and expeditious work on the part of Debtor's professionals, who already have made a presentation to Debtor's principal suppliers as to the nature and purpose of Debtor's Chapter 11 proceedings.

17. Debtor's Chapter 11 proceedings, aside from the already resolved use of cash collateral and post-petition financing issues, subject to the Court's approval, involve decisions as to critical vendors, medical malpractice actions and labor law issues, assumption or rejection of executory contracts, multiple dealings with suppliers, adequate assurance to utilities, reclamation actions, appointment of professionals, determination of conflicts of interest and an extensive education process at multiple tiers at the hospital as to the Chapter 11 process and its requirements and what each such tier must do, in conjunction, for the Chapter 11 to be successful, which in turn requires daily legal and financial advice to Debtor's management and trips to Ponce Puerto Rico.

18. Another important sector of this case is the relationships with the doctors with privileges at the hospital and their understanding of what Debtor is to

| Hospital Damas, Inc. | Case No. 10-08844(MCF) |
|---|---|
| *Answer to the United States Trustee's Position Regarding Employment* | |
| *Applications of Attorney and Accountant for Debtor* | Page-9- |

do as to Debtor's reorganization.

19. The above are some of the areas in which the professionals in question are to be extensively involved, depriving them of other productive activities.

20. Debtor submits that the compensation schedule requested is appropriate and consistent with interim compensation procedures established in other large chapter 11 cases. See Accuride Corporation, Case No. 09-13449 (Bankr. D. Del. Nov. 2, 2009) (BLS); In re KB Toys, Inc., Case No. 08-13269 (Bankr. D. Del. January 5, 2009) (KlC); In re Sharper Image Corp., Case No. 08-10322 (Bankr. D. Del. March 20, 2008) (KG); In re Buffets Holdings, Inc., Case No. 08-10141 (Bankr. D. Del. February 12, 2008) (MFW); and In re Am. Home Mortgage Holdings, Inc., Case No. 07-11047 (Bankr. D. Del. September 4, 2007) (CSS); See In re NEC Holdings Corp., Case No. 10-11890(PJW) (Bankr. D. Del. 2010); In re Nutritional Sourcing Corporation, et al., Case No. 07-11038(PJW) (Bankr. D. Del. 2007). Similar procedures for compensating and reimbursing court-approved professionals have been established in other chapter 11 cases both inside and outside the First Circuit. See, e.g., In re Cornell Trading, Inc., Case No. 06-10017, (Feeney, C. J.) (Bankr. D. Mass., Jan. 31, 2006); In re High Voltage Engineering Corporation, Case No. 04-11586, (Feeney, C. J.) (Bankr. D. Mass., Mar. 11, 2004); In re Gemini Cargo Logistics, Case No. 06- 10870 (Cristol, J.) (Bankr. D. Fla. Mar. 17, 2006); In re Newcomm Wireless Services, Inc., Case No. 06-4475(ESL) (Bankr. D. P.R. 2006); In re WestPoint Stevens Inc., Case No. 03- 13532 (RDD) (Bankr. S.D.N.Y. 2003); In re Magellan Health Servs., Inc., Case No. 03-40515 (PCB) (Bankr. S.D.N.Y. 2003); In re Amerco, Case No. 03-52103 (GWZ) (Bankr. D. Nev. June 20, 2003); In re Conseco, Inc., Case No. 02-49672 (CAD) (Bankr. N. D. Ill.

| Hospital Damas, Inc. | Case No. 10-08844(MCF) |
|---|---|
| *Answer to the United States Trustee's Position Regarding Employment* | |
| *Applications of Attorney and Accountant for Debtor* | Page-10- |

Jan. 2, 2003); In re Farmland Indus., Inc., Case No. 02-50557 (JWV) (Bankr. W.D. Mo. July 11, 2002); In re Union Acceptance Corp., Case No. 02-19231 (BHL) (Bankr. S.D. Ind. 2002); In re Worldcom, Inc., Case No. 02-13533 (ALG) (Bankr. S.D.N.Y. 2002); In re Global Crossing Ltd., Case No. 02- 40188 (REG) (Bankr. S.D.N.Y. 2002); In re Washington Group Int'l, Inc., Case No. 01-31627 (GWZ) (Bankr. D. Nev. 2001); In re Sunbeam Corp., Case No. 01-40291 (AJG) (Bankr. S.D.N.Y. 2001); In re Paul Harris Stores, Inc., Case No. 00-12467 (BHL) (Bankr. S.D. Ind. 2000).

21. Debtor further submits that the efficient administration of this Chapter 11 case will be significantly aided by implementing said schedule. Accordingly, Debtor submits that the relief requested herein and in the Applications is in the best interest of Debtor, its estate and creditors, and therefore should be granted.

WHEREFORE, it is respectfully requested that the Applications be approved as filed and the objection of the United States Trustee denied.

CERTIFICATE OF SERVICE: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee, and all participants of CM/ECF.

San Juan, Puerto Rico, this 7th day of October, 2010.

S/CHARLES A. CUPRILL-HERNANDEZ
USDC-PR 114312
CHARLES A. CUPRILL, P.C.S. LAW OFFICES
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel.: 787-977-0515
Fax: 787-977-0518
E-mail : ccuprill@cuprill.com