UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

HOSPITAL DAMAS, INC.

Debtor

CASE NO.  10- 08844(MCF)

CHAPTER 11

MOTION SUBMITTING JULIO COLON RIVERA'S DECLARATION IN SUPPORT OF URGENT JOINT MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR TO OBTAIN POSTPETITION SENIOR SECURED FINANCING, USE CASH COLLATERAL, AND PROVIDE ADEQUATE PROTECTION (DOCKET NO. 4)

TO THE HONORABLE COURT:

COMES NOW Debtor through its undersigned counsel and very respectfully submits herewith the Declaration of Julio Colón Rivera, Debtor's Chief Financial Officer, in support of the "Urgent Joint Motion For Entry Of Order Authorizing Debtor To Obtain Postpetition Senior Secured Financing, Use Of Cash Collateral, And Provide Adequate Protection" filed on September 24, 2010. (Docket No. 4).

WHEREFORE, it is respectfully requested that the Court, creditors and parties in interest take notice of the Declaration submitted herewith.

CERTIFICATE OF SERVICE:   I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee, and to all CM/ECF participants.

San Juan, Puerto Rico, this 13th day of October, 2010.

s/CHARLES A. CUPRILL-HERNANDEZ
USDC-PR 114312
Charles A. Cuprill, P.S.C. Law Offices
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel: 787-977-0515
Fax: 787-977-0518
E-mail:  ccuprill@cuprill.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:                                                  CASE NO.  08-07752

HOSPITAL DAMAS , INC.                                   CHAPTER 11

Debtor

DECLARATION OF JULIO COLON RIVERA,
CHIEF FINANCIAL OFFICER OF HOSPITAL DAMAS, INC.

Julio Colón Rivera, pursuant to 28 U.S.C. §1746, states as follows:

1.      I am the Chief Financial Officer of Hospital Damas, Inc. ("Debtor"), a
non-profit corporation organized and authorized to do business under the laws of
Puerto Rico. I have held this position since December 13, 2007.  In my capacity as
Chief Financial Officer, I am familiar with the day-to-day operations of Debtor's
hospital operations, the competitive marketplace, Debtor's financial condition, and
the events and circumstances leading up to the commencement of Debtor's Chapter
11 proceedings. I am also familiar and the custodian of Debtor's books and records.

2.      I submit this declaration (the "Declaration") on Debtor's behalf in
support of the URGENT MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR TO OBTAIN
POSTPETITION SENIOR SECURED FINANCING, USE CASH COLLATERAL, AND PROVIDE ADEQUATE
PROTECTION filed on September 24, 2010 (the "Motion") [Docket No. 4]. Except as
otherwise indicated, all facts as set forth in this Declaration are based upon my
personal knowledge, my review of relevant documents, my discussions with other
members of Debtor's management team and Debtor's executives and directors, or
my opinion is based upon my experience, expertise, and knowledge of Debtor's

operations and financial condition. If I were called upon to testify, I could and would testify competently as to the facts set forth herein.

## I. OVERVIEW

3.     Debtor operates a general acute care hospital, which includes critical care, general, and psychiatric services, skilled nursing facilities and home care services, at Ponce, Puerto Rico with offices and operations at 2213 Ponce By Pass, Ponce, Puerto Rico, 00717-1318.

4.     For the past three years until July 2010, Debtor operated at a loss.

5.     Debtor's operations have been financed by Westernbank now Banco Popular de Puerto Rico ("BPPR").  As a result of Debtor's financing agreements with BPPR and as a consideration therefor, BPPR has valid perfected security interests on substantially all of Debtor's assets, consisting of movable property, inventories and accounts receivable.  Debtor's assets have an estimated value of $24,017,166.52. As of September 24, 2010, Debtor was indebted to BPPR for at least $4,773,600.22.

6.     Debtor has inquired with Banco Santander Puerto Rico and Banco Bilbao Vizcaya Argentaria as to their availability to provide Debtor with its needed post-petition financing on an unsecured basis or an unsecured basis as a Chapter 11 administrative expense or secured by a lien junior to that of BPPR and both have indicated not having any interest in considering such a lending transaction.

7.     Without Chapter 11 proceedings and the use by Debtor of BPPR's cash collateral ("Cash Collateral"), Debtor would be unable to reorganize its operations.

## II.     DIP FINANCING AND CASH COLLATERAL MOTIONS

2

10.     Debtor has an immediate need to obtain this Court's approval for the debtor-in-possession credit facility from BPPR ("DIP Credit Facility") authorizing Debtor to (A) obtain post-petition senior secured financing, (B) use cash collateral, and (C) Grant Limited Priming Liens and Superpriority Claims to the Postpetition Lender, and (D) Provide Adequate Protection to the Prepetition Lender pursuant to the terms of the financing agreement with BPPR, in order to allow Debtor to, among other things, have access to necessary credit on an immediate basis to satisfy services and supplies, and meet the day to day costs associated with its operations. The funds available pursuant to the DIP Credit Facility will allow Debtor to pay ongoing expenses for preserving its business and administering its estate.

11.     The DIP Credit Facility will enable Debtor to maintain its relationship with vendors, suppliers, and patients, meet payroll, and satisfy other operational needs. The funds to be provided pursuant to the DIP Credit Facility and the use of BPPR's Cash Collateral is critical to the preservation and maximization of Debtor's operations as a going concern and for Debtor's satisfaction of its duties as a debtor-in-possession.

12.     The terms embodied in the DIP Credit Facilty have been negotiated in good faith and at arm's length among Debtor and BPPR, are fair and reasonable under the circumstances, reflect Debtor's exercise of its business judgment, are consistent with Debtor's fiduciary duties, and supported by reasonably equivalent value and fair consideration.

13.     In addition to the need for debtor-in-possession financing, Debtor seeks authority for use of BPPR's Cash Collateral. Debtor requires use of Cash Collateral to pay, among other things, present operating expenses, including

3

payroll, suppliers and services in order to ensure a continued supply of goods and services essential to Debtor's continued viability.

14. Debtor and BPPR have negotiated and agreed upon the terms of the loan that will entitle Debtor to use BPPR's $1,008,547.54 DIP Credit Facility for Debtor to be able to finance its post-petition activities, be able to stabilize its operations and reorganize its business. The terms are fully set forth in the Motion, the draft of the order (the "DIP Order") attached as Exhibit B to the Motion and Exhibit 1 to the DIP Order thereto and supported by Damas Cash Flow Budget for a six month period ending on March 31, 2011, attached to the Motion as Exhibit C, all of which are incorporated to form part hereof.

<u>JURAT</u>

I, JULIO COLON RIVERA, of legal age, married, resident of Ponce, Puerto Rico, declare under penalty of perjury (28 U.S.C. §1746) that:

1. My name and personal circumstances are as aforestated.

2. I have read the foregoing declaration and the factual statements set forth therein are true and correct to the best of my knowledge, information and belief.

San Juan, Puerto Rico, this 13th day of October, 2010.

**HOSPITAL DAMAS, INC.**

By: _____
**JULIO COLON RIVERA
Chief Financial Officer**

4