UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

HOSPITAL DAMAS, INC.

Debtor

CASE NO. 10-08844(MCF)

CHAPTER 11

INITIAL OBJECTION TO APPOINTMENT OF KILPATRICK STOCKTON, LP
AS COUNSEL FOR THE CREDITORS COMMITTEE AND AS TO ITS
PARTICIPATION AT HEARINGS

TO THE HONORABLE COURT:

COMES NOW Debtor through its undersigned counsel and very respectfully states and requests:

1. On September 24, 2010, Debtor filed its voluntary petition for relief pursuant to 11 U.S.C. Chapter 11 and as of that date has been managing its affairs and operating its business as a debtor-in-possession, as provided for in 11 U.S.C. §§1107 and 1108.

2. On October 5, 2010, the United States Trustee appointed an Official Creditors Committee (the "Committee"), amended on October 7, 2010, in this case consisting of Rimaco, Inc., Puerto Rico Hospital Supply, Inc., Laboratory Corp. of America, Ciracet Corp. and Borschow Medical Supply, Inc. (Docket Nos. 34 and 40).

3. Kilpatrick Stockton, LP has advised counsel for Debtor and counsel for creditor Banco Popular de Puerto Rico ("BPPR") that it has been requested by the Creditors Committee to act as its counsel in Debtor's 11 U.S.C. Chapter 11 proceedings and has entered appearances in this case without any application for its appointment having been filed. Kilpatrick Stockton, LP is a stateside firm with offices at 1100 Peachtree Street, Suite 2800, Atlanta, Georgia 30309-4528.

Hospital Damas, Inc. — Case No. 10-08844 (MCF)
*Initial Objection to Appointment of Kilpatrick Stockton, LP*
*As counsel for the Creditors Committee and as to its participation At Hearings* — Page 2

4. There are law firms in Puerto Rico just as capable as Kilpatrick Stockton, LP to present the Creditors Committee at the established rates in the local community, which is much less than the rates charged by stateside firms, and do not require the charging of travel time, airfare and lodging for multiple attorneys, plus the fees of a local counsel, since the three attorneys from said firm as to which motions for their pro hac vice admission, Todd C. Meyers, Esq. ("Meyers"), Colin M. Bernardino, Esq. ("Bernardino") and Shane G. Ramsey, Esq. ("Ramsey"), are not admitted to practice before the United States District Court for the District of Puerto Rico ("District Court") and are required to have local counsel.

5. The aforesaid results in significant unnecessary charges and expenses on the estate to its detriment and that of its creditors as has been the experience in at least in the cases of In re El Comandante Management Company, LLC, Case No. 04-10938(ESL); In re Syroco, Inc., Case No. 07-04091 (BKT); In re NewComm Wireless Services, Inc.06-000971(ESL).

6. The fact that Debtor is an operating hospital out of four in the Ponce, Puerto Rico community, does not change the fact that there are law firms in Puerto Rico that can represent the Creditors Committee at significant savings to Debtor's estate.

7. As examples, the undersigned represented Doctors Hospital, Inc. in its successful Chapter 11 proceedings, Case Number 89-02927(ESL) before this Court. The law firm of Latimer, Biaggi, Rachid & Godreau, LLP represented Hospital Wilma N. Vázquez and is now representing Fundación Dr. Manuel De La Pila Iglesia, in their respective Chapter 11 proceedings, Cases Number 87-00260(ESL) and 07-04459(BKT). García Arregui & Fullana is acting as counsel for the Creditors

Case:10-08844-MCF11  Doc#:83  Filed:10/18/10  Entered:10/18/10 16:43:13  Desc: Main
Document    Page 3 of 7

| Hospital Damas, Inc. | Case No. 10-08844 (MCF) |
|---|---|
| *Initial Objection to Appointment of Kilpatrick Stockton, LP* | |
| *As counsel for the Creditors Committee and as to its participation At Hearings* | Page 3 |

Committee in Fundación Dr. Manuel De La Pila Iglesia's Chapter 11 proceedings and has done an excellent job. Other law firms in Puerto Rico have been involved in these cases.

    8.    To the date hereof, Kilpatrick Stockton, LP, without yet an application for its representation as counsel for the Creditors Committee and the corresponding disclosures have filed the following pleadings with the Court:

    (a)    Application for Admission PRO HAC VICE (Docket No. 65).

    (b)    Application for Admission PRO HAC VICE (Docket No. 66).

    (c)    Objection to Provisional Objection of the Official Committee of Unsecured Creditors of Hospital Damas, Inc. to Urgent Joint Motion for Entry of Order Authorizing Debtor to Obtain Postpetition Senior Secured Financing, Use Cash Collateral, and Provide Adequate Protection (Docket No. 67).

    (d)    Application for Admission PRO HAC VICE (Docket No. 72).

    (e)    Notice of appearance and request for notice (Docket No. 73).

    (f)    Certificate of service (Docket No. 74).

    9.    Since such an application has not been filed, it is yet unknown what Kilpatrick Stockton, LP's intended rates are, but in conversations with the undersigned and counsel for BPPR, it has been expressed by members thereof, that Kilpatrick Stockton, LP is to charge significant more than the local going rates. Debtor reserves its right to further supplement this objection once Kilpatrick Stockton, LP's rates become known.

    10.    Section 328 of the Bankruptcy Code, 11 U.S.C. § 328, states that, with the court's approval, the trustee or debtor-in-possession may employ a professional person on "any reasonable terms and conditions of employment." The party applying for the employment of a professional person in a bankruptcy

| | |
|---|---|
| Hospital Damas, Inc. | Case No. 10-08844 (MCF) |
| *Initial Objection to Appointment of Kilpatrick Stockton, LP* | |
| *As counsel for the Creditors Committee and as to its participation At Hearings* | Page 4 |

case bears the burden of proof as to the reasonableness of the terms and conditions of the employment of such professional person. In re C & P Auto Transport, Inc., 94 B.R. 682 (Bankruptcy E.D. Cal. 1988).

11. When determining whether the terms and conditions of employment of a professional person in a bankruptcy case are reasonable, courts have looked, among other factors, at the scope and complexity of the matters to be handled by the selected professional person and at the prevailing rates or fees in the industry of the jurisdiction of the bankruptcy case. In re High Voltage Engineering Corp., 311 B.R. 320 (Bankruptcy Mass. 2004).

12. In the First Circuit, the general rule is that compensation of professional services should be approved by the court at the prevailing rate charged for similar services in the locale of the case and should only depart from such rate when the case requires expertise that is not locally available. See In re Learningsmith, Inc., 247 B.R. 581 (Bankruptcy Mass. 2000); In re Narragansett Clothing Co., 210 B.R. 493, 498 (B.A.P. 1 Cir. 1997); Calhoun v. Acme Cleveland Corp., 801 F.2d 558, 560 (1st Cir. 1986).

13. In In re Learninsmith, Inc., supra, the Bankruptcy Court for the District of Massachusetts reduced the rates charged by the partners and the paralegals of the New York law firm retained as counsel for the official committee of unsecured creditors, Hughes Hubbard & Reed, L.L.P. ("HH&R"), to the rates customarily charged in the Boston area. In doing so, the court pointed out that HH&R did not bring any special expertise that the local bar could not have provided. The court also pointed out that the hiring of HH&R necessitated the

Case:10-08844-MCF11 Doc#:83 Filed:10/18/10 Entered:10/18/10 16:43:13 Desc: Main
Document Page 5 of 7

Hospital Damas, Inc.     Case No. 10-08844 (MCF)
*Initial Objection to Appointment of Kilpatrick Stockton, LP*
*As counsel for the Creditors Committee and as to its participation At Hearings*     Page 5

employment of a Boston firm as local counsel and "the existence of two counsel, and the need for coordination between them, inevitably necessitates some extra work and, consequently, extra charge to the estate." 247 B.R. at 583.

14. In the instant case, Kilpatrick Stockton, LP does not bring any special expertise lacking by well established prominent local law firms in complex Chapter 11 cases involving hospitals. It must be underscored that while the present case is not a simple case by local standards, it is not an extremely large complex Chapter 11 cases as others had in this district, successfully handled by local firms in all aspects thereof of which this Court can take judicial notice.

15. In this case, post-petition financing and use of cash collateral was arranged and negotiated pre-petition with BPPR. Debtor has been established in the Ponce Community since 1863, at that time under the name of Asociación de Señoras Damas del Santo Asilo de Ponce, and post-petition financing, seldom available in Puerto Rico, was obtained due to Debtor's relationship with local banking institutions, including BPPR, who agreed to do so believing, as Debtor, in Debtor's reorganization efforts, within the time frame set forth in the "Urgent Joint Motion for Entry of Order Authorizing Debtor to Obtain Postpetition Senior Secured Financing, Use Cash Collateral, and Provide Adequate Protection" (Docket No. 4), particularly considering that as of July 2010 Debtor is already breaking even due to its ongoing reorganization for more than one year prior to its Chapter 11 filing.

16. Moreover, Kilpatrick Stockton, LP and Messrs. Meyers, Bernardino and Ramsey are disqualified to represent the Creditors Committee in this case as members of the firm. To this effect, Rule 83A(f) of the Local Rules of the District

Case:10-08844-MCF11 Doc#:83 Filed:10/18/10 Entered:10/18/10 16:43:13 Desc: Main
Document Page 6 of 7

Hospital Damas, Inc.  Case No. 10-08844 (MCF)
*Initial Objection to Appointment of Kilpatrick Stockton, LP*
*As counsel for the Creditors Committee and as to its participation At Hearings*  Page 6

Court provides for the admission pro hac vice of non-resident attorneys subject to certain requirements. It specifically states:

> (f) Pro Hac Vice
>
> An attorney who does not reside in the Commonwealth of Puerto Rico and who is authorized to practice law before the bar of any United States court or of the highest court of any state, the District of Columbia, the Commonwealth of Puerto Rico, the Territory of Guam, the Commonwealth of the Northern Mariana Islands or the Virgin Islands of the United States, may apply for permission to appear as attorney of record in a particular case or proceeding. The movant shall:
>
> (1) designate a member of the bar of this Court as local counsel;
> (2) state the court(s) in which the movant is admitted to practice law;
> (3) attest that the movant is not currently suspended from practicing law before any court or jurisdiction;
> (4) state if any complaint for unethical misconduct, disciplinary proceeding, or criminal charges involving the movant are currently pending before any court or jurisdiction; and,
> (5) pay the appropriate fee.
>
> The pro hac vice application shall be presented to the Court in the form available at the Clerk's office or on the court's web site (www.prd.uscourts.gov), together with the prescribed admission fee. The Court will not refund the fee if the motion is denied.
>
> The Court may at any time revoke pro hac vice admission for good cause without a hearing. An attorney permitted to practice before this Court pro hac vice in a particular action shall at all times remain associated in the action with a member of the bar of this Court. All process, notices, and other papers shall be served on the attorney admitted pro hac vice and on the member of the bar of this Court. Both attorneys shall sign all filings submitted to the Court. The attendance of the member of the bar of this Court is required at all proceedings, unless excused by the Court.

Case:10-08844-MCF11 Doc#:83 Filed:10/18/10 Entered:10/18/10 16:43:13 Desc: Main
Document Page 7 of 7

Hospital Damas, Inc. Case No. 10-08844 (MCF)
*Initial Objection to Appointment of Kilpatrick Stockton, LP*
*As counsel for the Creditors Committee and as to its participation At Hearings* Page 7

17. The clear intent of this Rule is to prevent the sub rosa regular practice of law in this district by non-resident attorneys and law firms by restricting their participation before the District Court or this Court in a case specific manner.

18. This Court can take judicial notice that Mr. Meyers as member of Kilpatrick Stockton, LP was admitted pro hac vice to represent Wilmington Trust Company in the case of In re R&G Financial Corporation, Case No. 10-04124(ESL). See Application for admission pro hac vice (Docket No. 65).

WHEREFORE, it is respectfully requested that the motion for the pro hac vice admissions of Messrs. Meyers, Bernardino and Ramsey be denied, that Kilpatrick Stockton, LP not be allowed to participate as counsel for the Creditors Committee in this case, that all pleadings filed by said firm be ordered stricken from the record of this case, and that any further equitable and fair remedies as deem proper by the Court be granted.

CERTIFICATE OF SERVICE: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee, and to all CM/ECF participants.

San Juan, Puerto Rico, this 18th day of October, 2010.

s/CHARLES A. CUPRILL-HERNANDEZ
USDC-PR 114312
Charles A. Cuprill, P.S.C. Law Offices
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel: 787-977-0515
Fax: 787-977-0518
E-mail: ccuprill@cuprill.com