| | |
|---|---|
| ANASTACIO CINTRON ECHEVARRIA, LILLIAM, DIOMEDES, MIGDALIA, ONEIDA, HECTOR, NILSA, JORGE Y ELIZABETH de apellidos CINTRON TORRES<br><br>Demandantes<br><br>V.<br><br>HOSPITAL DAMAS DE PONCE, DOCTOR DOMINGO CHARDON, su esposa Omayra Torres Berastain y la Sociedad Legal de Gananciales compuesta por ambos; DR. CARLOS OTERO, su esposa Joanna Doe y la Sociedad Legal de Gananciales por ambos; COMPAÑIA ASEGURADORA SEGUROS XX, ASEGURADORA YY y MENGANO<br><br>Demandados | CIVIL NUM.JDP2000-0068<br>(605)<br><br><br><br>SOBRE:<br><br><br><br><br>DAÑOS Y PERJUICIOS |

### DEMANDA ENMENDADA

AL HONORABLE TRIBUNAL:

Comparece la parte demandante por conducto de sus abogados que suscriben y respetuosamente EXPONEN, ALEGAN Y SOLICITAN:

1. El codemandante Anastacio Cintrón Echevarría, es mayor de edad, con seguro social número 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, vecino del Barrio Jagueyes de Villalba, Puerto Rico y viudo de la fallecida Micaela Torres Cintrón.

2. La codemandante Lilliam Cintrón Torres, seguro social número 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, es mayor de edad, casada, empleada y vecina de la Urbanización Santa Marta, número A-38, Juana Díaz, Puerto Rico e hija de la fallecida Micaela Torres Cintrón.

3. Los codemandantes Diómedes, Migdalia, Neida, Héctor, Nilsa, Jorge y Elizabeth de apellidos Cintrón Torres, son mayores de edad, propietarios, con dirección postal en P.O. Box 204, Juana Díaz, Puerto Rico e hijos de la fallecida Micaela Torres Cintrón.

3. El día 25 de febrero de 1999, Micaela Torres Cintrón acudió a la Sala de Emergencia del Hospital Damas de Ponce en

compañía de su hija Elizabeth Cintrón Torres, por sufrir fuerte tos y catarro. Luego de examinada fue admitida al hospital para recibir tratamiento, y al cuidado del Dr. Domingo Chardón, neumólogo, con un diagnóstico de bronquitis crónica.

4. Para atender su condición la paciente fue tratada con antibióticos vía oral, intravenosa y terapias respiratorias.

5. Durante los días siguientes a su admisión, la Sra. Torres Cintrón presentó notable mejoría por lo que llegado el día 2 de marzo de 1999, le fue retirado parte del tratamiento y continuó con otro. Al día siguiente, 3 de marzo de 1999, el Doctor Chardón, luego de examinar a la paciente informó a la codemandante Lilliam Cintrón Torres que ordenaría el alta para el 5 de marzo de 1999.

6. El día 4 de marzo de 1999 a las 6:30 de la tarde, la Sra. Micaela Torres Cintrón, se cayó del inodoro portátil que estaba junto a su cama recibiendo una laceración en el lado derecho de la frente, un hematoma en el pómulo derecho y trauma en la rodilla derecha.

7. Esta caída se debió a la falta de atención y cuidado por parte del personal del hospital que teniendo conocimiento de la condición y la edad de la señora Micaela no le brindaron la supervisión necesaria y requerida en situaciones como la descrita antes.

8. El 5 de marzo de 1999, a las 5:55 de la mañana, la paciente sufrió una convulsión que le provocó desorientación, estado de desasosiego y desesperación, siendo descrito su estado como uno de cuidado. Entre las 7:45 y las 10:40 de la mañana la paciente sufrió tres convulsiones de un minuto de duración y luego de la última, quedó en estado letárgico.

9. Durante esa mañana del día 5 de marzo de 1999, a la paciente solamente se le administraron una dosis de valium a las 10:30 de la mañana por orden telefónica del Doctor Chardón, otra cuando ya había ocurrido el paro respiratorio;

2

y dilantin cuando la paciente estaba en estado letárgico. Surge del expediente médico que éste medicamento fue ordenado por el Dr. Carlos Otero, neurólogo que fue llamado mediante consulta por el Dr. Domingo Chardón esa mañana a las 9:00 de la mañana.

10. No fue hasta las 11:10 de la mañana que la paciente fue examinada por el Dr. Chardón y el Dr. Carlos Otero, neurólogo, y que evaluó a la paciente a las 11:18 de la mañana procediendo administrar el medicamento en las circunstancias antes relacionadas.

11. La paciente sufrió un arresto cardiorespiratorio y fue declarada muerta a las 11:45 de la mañana.

12. La causa próxima y eficiente de la muerte de la señora Torres Cintrón fueron las actuaciones negligentes del Dr. Domingo Chardón, el Dr. Carlos Otero, los residentes, internos, el personal médico hospitalario del Hospital Damas, así como los empleados a cargo del cuidado y atención de la paciente quienes no brindaron atención ni supervisión adecuada, y omitieron brindar el tratamiento adecuado y efectivo a la fallecida Micaela Torres Cintrón.

13. Que además de lo anterior, la caída y lesión de la cabeza que sufrió la fallecida fue por la falta de observancia del personal de enfermería del hospital quien no tomó las precauciones necesarias con una paciente con potencial a trauma dejándola sola en el inodoro portátil de la habitación.

14. También el personal médico del hospital interno y residentes, como el Dr. Domingo Chardón y el Dr. Carlos Otero, <u>omitieron brindar a la fallecida el tratamiento indicado;</u> omitieron suministrar medicamentos indicados para la condición de la paciente; ordenaron y administraron medicamentos contraindicados y de manera contraindicada; no contestaron adecuada y oportunamente los llamados y las consultas realizadas por el personal del hospital luego de la caída y con posterioridad al primer episodio de convulsiones; no consideraron la condición y cuadro clínico para la situación

3

*surgida para lograr estabilizar a la paciente, lo que provocó que la causante se fuera en paro.*

*15. Los demandados no consideraron ni brindaron tratamiento, ni medicamentos requeridos para una paciente que presentaba en sus laboratorios un nivel de azúcar elevada. No hubo tratamiento, seguimiento, medicinas para controlar esa condición; omitiendo tomar las debidas precauciones en cuanto a esa situación; no consultaron un especialista endocrinólogo. Tampoco los demandados realizaron a la fallecida, pruebas de laboratorio de niveles de "teoflilina" o "aminofilina" medicamento con el cual estaba siendo tratada, lo que provocó que surgiera una intoxicación por administración excesiva. Procedieron administrar medicamentos sin asegurarse, observar, y/o examinar pruebas para conocer la condición de la paciente Los factores antes indicados fueron los que produjeron las convulsiones, que terminaron en coma, anoxia cerebral, arritmia, arresto cardiorespiratorio y finalmente la muerte.*

*16. Los demandados no utilizaron los medios y conocimientos médicos razonables reconocidos por la medicina para este tipo de situación por lo que sus acciones y omisiones provocaron la muerte de la causante.*

*17. Que al actuar en la forma antes indicada, los médicos y empleados del Hospital Damas, Inc. y los doctores relacionados, omitieron darle a la señora fallecida el tratamiento médico apropiado y procedente, de conformidad con las normas aplicables a la profesión médica en Puerto Rico, actuando de esta forma culposa y negligentemente.*

*18. El codemandado Hospital Damas es una entidad o corporación médico hospitalaria que emplea personal para desempeñar labores relacionadas a la salud y brindar tratamiento médico siendo de esta forma responsable solidariamente por las actuaciones de los médicos, residentes e internos y empleados que allí laboran.*

*19. Los demandados Domingo Chardón, su esposa con el nombre Omayra Torres Berastain y la Sociedad Legal de*

4

*Ganaciales; Dr. Carlos Otero, su esposa Joanna Doe y la Sociedad Legal de Gananciales compuesta por ambos, así denominada por desconocerse su verdadero nombre; son solidariamente responsables por los daños reclamados, por haberse sus actuaciones apartado de las normas de cuidado y tratamiento médico requeridos.*

20. *El codemandante Anastasio Cintrón Echevarría, es el esposo de la fallecida quien ha sufrido y continua sufriendo graves daños y angustias mentales por la pérdida de su esposa de toda una vida; como consecuencia de los actos culposos y negligentes de los codemandados cuyos daños se estiman en una suma no menor de DOSCIENTOS MIL DÓLARES ($200,000.00).*

21. *Los codemandantes Lilliam, Diómedes, Migdalia, Neida, Héctor, Nilsa, Jorge y Elizabeth de apellidos Cintrón Torres son los hijos de la fallecida, quienes han sufrido y continúan sufriendo graves daños y angustias mentales por la pérdida de su madre como consecuencia de los actos culposos y negligentes de los codemandados los cuales se estiman en una suma no menor de CIENTO CINCUENTA MIL DÓLARES ($150,000.00) para cada uno.*

22. *La fallecida Micaela Torres Cintrón, padeció y sufrió daños previo a su muerte y durante dos días, todo como consecuencia de los actos de los demandados, sus daños se estiman en la suma de CIEN MIL DÓLARES ($100,000.00).*

23. *COMPAÑIA ASEGURADORA ROE; SEGUROS XX y ASEGURADORA YY son las compañías aseguradoras con pólizas expedidas a favor de los codemandados para cubrir y responder por los daños ocasionados por ellos, según alegados en esta demanda, cuyas aseguradoras se identifican con nombres ficticios por razón de desconocerse sus verdaderos nombres los cuales se sustituirán tan pronto se conozcan.*

24. *Se incluye a MENGANO para identificar a cualesquiera otra persona natural o jurídica que pudiera responder por los daños ocasionados a los demandantes, según alegados en esta demanda por desconocerse su verdadero nombre.*

*POR LO QUE RESPETUOSAMENTE* se solicita del Honorable Tribunal que declare con lugar en esta demanda y como consecuencia condene a las partes demandadas a solidariamente indemnizar a los demandantes por todos los daños ocasionados a éstos, mediante el pago de las sumas reclamadas ascendentes a $1,500,000.00 como el estimado del monto de los daños por ellos sufridos, intereses desde esta fecha, las costas y honorarios de abogados.

*RESPETUOSAMENTE SOMETIDO.*

*CERTIFICO:* Haber enviado en el día de hoy copia fiel y exacta de la presente demanda enmendada al Lcdo. Carlos G. Martínez Vivas, P O Box 339028, Ponce, Puerto Rico 00732-9028; Lcdo. Miguel Limeres Grau, P O Box 331429, Ponce, Puerto Rico 00733-1429 y Lcdo. Rafael E. Torres Torres, P O Box 330644, Ponce, Puerto Rico 00733-0644.

En Ponce, Puerto Rico, a -26- de junio de 2001.

*FELIX A. TORO, JR.*
*Colegiado Núm. 4046*

*IVELISSE TORO ZAMBRANA*
*Colegiada Núm. 11001*
*Abogados Parte Demandante*

P O Box 7719
Ponce, Puerto Rico 00732
Tel. (787) 844-5770/842-9463
Fax (787) 842-4664
email fat@caribe.net

POR: [firma]

FELIX A. TORO, JR.