UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **HOSPITAL DAMAS, INC.,** | ) | Case No. 10-08844 (MCF) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**SUPPLEMENT TO APPLICATION FOR APPROVAL OF RETENTION OF
J.H. COHN LLP AS FINANCIAL ADVISORS TO THE
<u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

COMES NOW the Official Committee of Unsecured Creditors of Hospital Damas, Inc. (the "Committee") and submits to this Court its supplement to its Application for Approval of Retention of J.H. Cohn LLP as Financial Advisors to the Official Committee of Unsecured Creditors [Docket No. 211] (the "Application"), and in support thereof respectfully shows this Court as follows:

1. On December 7, 2010, the Committee filed the Application seeking approval of the Committee's retention and employment of J.H. Cohn LLP as its financial advisors pursuant to sections 328 and 1103 of Title 11 of the United States Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

2. On December 16, 2010, the Court held a status conference in the Debtor's bankruptcy case. During the status conference, the Office of the United States Trustee and the Debtor expressed concerns regarding the Application, including the Application's request that J.H. Cohn LLP ("J.H. Cohn") not be required to file fee applications. Additionally, concerns were expressed regarding the Committee's selection of J.H. Cohn instead of a local financial advisor.

US2008 2189517.1

3. The Committee believes that the Application was sufficient as originally filed and did not require supplementation. The Committee further believes that the selection of a financial advisor from a location outside of Puerto Rico is not, by itself, a proper basis for an objection. However, in an effort to resolve these concerns on a consensual basis and without the expense associated with an objection, the Committee supplements and amends the Application as set forth below.

4. Prior to selecting J.H. Cohn as its financial advisor, the Committee contemplated the hiring of several firms, including financial advisors located in Puerto Rico. A least one of the potential financial advisors was excluded because of its ongoing work with Banco Popular de Puerto Rico ("BPPR"). At least one other potential financial advisor expressed that it could not undertake the representation because the representation would require it to be adverse to BPPR. As a result, the Committee selected J.H. Cohn for several reasons, including: (1) J.H. Cohn's significant experience in the field of hospital bankruptcies;[1] (2) J.H. Cohn's agreement to undertake the engagement on a fixed fee; and (3) the need for a financial advisor that could be adverse to BPPR.

5. Notwithstanding the averments contained in paragraph 13 of the J.H. Cohn Application, J.H. Cohn will file applications for payment of a portion of its $90,000 fixed fee. The applications will contain monthly statements detailing the time J.H. Cohn has expended, describing the services J.H. Cohn has provided to the Committee, and detailing expenses for which J.H. Cohn is seeking reimbursement. The Committee is seeking an order authorizing J.H. Cohn to apply for payment of a portion of its fixed fee and any expenses incurred every sixty days.

---

[1] A summary of J.H. Cohn's experience as it relates to hospital bankruptcy cases is set forth in paragraphs 10 and 11 of the Application.

US2008 2189517.1

**WHEREFORE**, the Committee respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit A, (i) authorizing the Committee to retain and employ J.H. Cohn LLP as Financial Advisors, effective as of November 23, 2010, (ii) authorizing J.H. Cohn LLP to file an application every sixty days seeking payment of a portion of its fixed fee, plus out of pocket expenses, payable as set forth herein, and (iii) for such other and further relief as may be just and proper under the circumstances.

Dated: December 21, 2010

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HOSPITAL DAMAS, INC.**

By: Chair of the Official Committee of Unsecured Creditors of Hospital Damas, Inc.

/s/ Sergio Ramirez de Arellano
By: Sergio Ramirez de Arellano, Attorney for Laboratory Corp. of America

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system which in turn will send notification of such filing to all interested parties of record.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, this 21st day of December, 2010.

                               KILPATRICK STOCKTON LLP

                               By: /s/ Colin M. Bernardino
                                  Todd C. Meyers (Admitted *pro hac vice*)
                                  Colin M. Bernardino (Admitted *pro hac vice*)
                                  1100 Peachtree Street, Suite 2800
                                  Atlanta, Georgia 30309-4530
                                  (404) 815-6500 (Telephone)
                                  (404) 815-6555 (Facsimile)
                           Email: tmeyers@kilpatrickstockton.com
                                          cbernardino@kilpatrickstockton.com

# EXHIBIT A

US2008 2189517.1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **HOSPITAL DAMAS, INC.,** | ) | **Case No. 10-08844 (MCF)** |
| | ) | |
| Debtor. | ) | |
| | ) | |

ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF J.H. COHN LLP AS FINANCIAL ADVISORS TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF HOSPITAL DAMAS, INC.

This matter is before the Court upon Application for Approval of Retention of J.H. Cohn LLP as Financial Advisors to the Official Committee of Unsecured Creditors [Docket No. 211] (the "Application"), filed by the Official Committee of Unsecured Creditors (the "Committee") on December 7, 2010, pursuant to sections 328 and 1103 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Supplement to Application for Approval of Retention of J.H. Cohn LLP as Financial Advisors to the Official Committee of Unsecured Creditors (together with the Application, the "Supplemented Application"). In the Supplemented Application, the Committee seeks authority to retain and employ J.H. Cohn LLP ("JHC") as its financial advisors, as of November 24, 2010. Upon the representations that, while employed by the Committee, JHC does not represent any other entity having an adverse interest in connection with the chapter 11 case in accordance with section 1103(b) of the Bankruptcy Code, and that JHC has disclosed any connections with parties set forth in Rule 2014 of the Bankruptcy Rules and Local Rule 2014-1; and it appearing that the relief requested in the Supplemented Application is in the best interest of the Committee and the Debtor's estate, and the Court having jurisdiction to consider

US2008 2189517.1

the Supplemented Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and consideration of the Supplemented Application and the relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and having reviewed the Supplemented Application and the accompanying Affidavit of Clifford A. Zucker in Support of Application of the Official Committee of Unsecured Creditors of Hospital Damas, Inc. for Entry of an Order Authorizing the Employment and Retention of J.H. Cohn LLP as its Financial Advisors, the Court finds and determines that JHC does not represent any other entity having an adverse interest with the chapter 11 case in accordance with section 1103(b) of the Bankruptcy Code.  Due and proper notice of the Supplemented Application having been provided, and it appearing that no other or further notice is necessary or required, and the Court having reviewed the Supplemented Application and having heard the statements in support of the relief requested therein at a hearing before the court (the "Hearing"), and the Court having determined that the legal and factual bases set forth in the Supplemented Application and at the Hearing establish just cause for the relief granted herein, and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Supplemented Application is GRANTED as set forth herein and any objections to the Supplemented Application are OVERRULED.

2.      Pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Rule 2014 of the Bankruptcy Rules, and Local Rule 2014-1, the Committee is authorized to employ and retain JHC as its financial advisors in this chapter 11 case, with such employment being effective November 23, 2010.

3. JHC is authorized to render professional services to the Committee in connection with this chapter 11 case, as described in the Supplemented Application, that may include, but shall not be limited to, the following services:

    a. Periodic monitoring of Debtor's key operational trends, including volume, productivity [FTE's] and cash management [liquidity];

    b. Budget-to-actual reporting of cashflow projections;

    c. Review and analysis of monthly financial statement and monthly operating reports for trend analysis and performance tracking; and

    d. Review and analysis and development of plan structure, including modeling projections and analyzing viability.

4. Subject to review of fee applications filed by JHC, JHC shall be entitled to a fixed fee of $90,000 for its work through March 31, 2011, exclusive of out of pocket expenses. JHC may file fee applications every sixty days seeking payment of a portion of its fixed fee and out of pocket expenses.

5. Notice of the Supplemented Application as provided there in shall be deemed good and sufficient notice of such Supplemented Application and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

6. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____

                                                        _____
                                                            United States Bankruptcy Judge

US2008 2189517.1