# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **HOSPITAL DAMAS, INC.,** | ) | **Case No. 10-08844 (MCF)** |
| | ) | |
| Debtor. | ) | |
| | ) | |

## RESERVATION OF RIGHTS AND RESPONSE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FIRST APPLICATION FOR INTERIM COMPENSATION

COMES NOW the Official Committee of Unsecured Creditors of Hospital Damas, Inc. (the "Committee") and submits to this Court its Reservation of Rights and Response to the First Application for Interim Compensation filed by Charles A. Cuprill, P.S.C. Law Offices [Docket No. 223] (the "Fee Application"), and in support thereof respectfully shows this Court as follows:

1. On September 24, 2010 (the "Petition Date"), Hospital Damas, Inc. (the "Debtor") filed its petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On September 27, 2010, the Debtor filed its Application for Appointment of Attorney for Debtor [Docket No. 7] (the "Employment Application"). In the Employment Application, the Debtor sought an order authorizing the employment of Charles A. Cuprill, P.S.C. Law Offices ("Cuprill"). The Employment Application did not seek authorization of employment on a *nunc pro tunc* basis. On October 28, 2010, the Court granted the Employment Application [Docket No. 146].

3. On December 13, 2010, Cuprill filed its Fee Application. In the Fee Application, Cuprill requests "that an order be entered approving the instant application for interim compensation for $90,447.50 for fees, plus expenses for $3,104.52 for a total of $93,552.02, less the $50,000.00 advanced as a retainer, for a total due [Cuprill] of $43,552.02." Fee Application at 3.

4. The Committee does not object to approval, on an interim basis, of the fees and expenses sought in the Fee Application. However, the Committee reserves the right to object to any request for a final award of fees and expenses, including those to be satisfied through the $50,000 retainer held by Cuprill.[1] Any such fees and expenses must remain subject to disgorgement if later disallowed.

---

[1] The Committee remains concerned by the Debtor's continuing failure to share information necessary for the Committee to evaluate the Debtor's reorganization prospects as well as the Debtor's potential claims that the Debtor may have against third parties such as Fundacion Damas, Inc., the Debtor's parent. The Debtor has represented that it will file a plan of reorganization by January 24, 2010. However, the Debtor has not shared the terms of such plan with the Committee (though it has represented that it will prior to filing) and has refused to share certain information related to the Debtor's financial performance with the Committee. Unless the plan provides that the unsecured creditors will be paid in full with interest or receive the Debtor's equity (and it seems unlikely that the Debtor will present such a plan), the Debtor cannot confirm its plan without the affirmative vote of the unsecured creditors. See 11 U.S.C. § 1129(b)(2)(B). As a result, the Committee cannot yet evaluate whether Cuprill's fees should be approved. Additionally, the Committee notes that Cuprill is seeking fees totaling more than $12,000 apparently related to Banco Popular de Puerto Rico ("BPPR"). In the Urgent Joint Motion for Entry of Order Authorizing Debtor to Obtain Postpetition Senior Secured Financing, Use Cash Collateral, and Provide Adequate Protection [Docket No. 4] (the "Financing Motion"), the Debtor, through its counsel, represented to the Court that BPPR had first priority perfected security interests over all or nearly all of the Debtor's assets and that BPPR's secured claims totaled at lest $26,167,126.62. The Debtor, through its counsel, waived its right to object to BPPR's alleged security interests and claims. However, as the Committee has shown in its challenge complaint (pending in Adversary Proceeding No. 10-00204), BPPR did not have first priority perfected security interests in any of the Debtor's property. The Committee has also demonstrated that the Debtor and BPPR overstated BPPR's claim by at least $1,480,600.22. The Debtor and its counsel should have identified these deficiencies and misrepresentations and should not have stipulated to BPPR's claims and security interests. The result of this action has been that the Committee was compelled to spend significant time and effort investigating and challenging BPPR's claims and security interests (and will be obligated to continue to expend

**WHEREFORE**, the Committee respectfully requests: (i) that any order approving the Fee Application be entered on an interim basis without prejudice to the Committee's right to object to the final approval of the fees and expenses sought in the Fee Application; and (ii) any fees and expenses approved by the Court, including fees and expenses to be satisfied through the retainer given by the Debtor, remain subject to disgorgement until approved on a final basis.

Dated: January 3, 2011

By: /s/ Colin M. Bernardino
Todd C. Meyers
Georgia Bar No. 503756
(Admitted pro hac vice)
Colin M. Bernardino
Georgia Bar No. 054879
(Admitted pro hac vice)

KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
(404) 815-6500 (Telephone)
(404) 815-6555 (Facsimile)
tmeyers@kilpatrickstockton.com
cbernardino@kilpatrickstockton.com

*Counsel for the Official Committee of Unsecured Creditors of Hospital Damas, Inc.*

-AND-

Edgardo Muñoz
USDC No. 125713
EDGARDO MUÑOZ, PSC
P.O. Box 360971
San Juan, PR 00936-0971
(787) 524-3888 (Telephone)
(787) 524-3888 (Facsimile)
emunoz@emunoz.net

*Local Counsel for the Official Committee of Unsecured Creditors of Hospital Damas, Inc.*

---

time and effort until its adversary proceeding is resolved). Furthermore, the Committee notes that Cuprill is seeking an award of $5,302.50 in fees for work performed prior to the Petition Date.

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system which in turn will send notification of such filing to all interested parties of record.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, this 3rd day of January, 2011.

    KILPATRICK STOCKTON LLP

    By:   /s/ Colin M. Bernardino
       Todd C. Meyers (Admitted *pro hac vice*)
       Colin M. Bernardino (Admitted *pro hac vice*)
       1100 Peachtree Street, Suite 2800
       Atlanta, Georgia 30309-4530
       (404) 815-6500 (Telephone)
       (404) 815-6555 (Facsimile)
    Email: tmeyers@kilpatrickstockton.com
           cbernardino@kilpatrickstockton.com

US2008 2204608.3