**UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>**HOSPITAL DAMAS, INC.**<br><br>Debtor | CASE NO. 10-08844(MCF)<br><br>CHAPTER 11 |

**DEBTOR'S OBJECTION TO RENEWED APPLICATION FOR APPROVAL OF RETENTION OF J.H. COHN, LLP AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (DOCKET NO. 302)**

**TO THE HONORABLE COURT:**

COMES NOW Debtor, Hospital Damas, Inc., through its undersigned counsel and very respectfully states and requests:

1. On December 7, 2010, the Official Committee of Unsecured Creditors appointed in this case (the "Committee") filed its original application for the retention of J.H. Cohn, LLP ("Cohn") as its financial advisors pursuant to 11 U.S.C §328(a) (Docket No. 211), as supplemented on December 21, 2010 (Docket No. 239) (the "Original Application").

2. The Original Application was opposed by Debtor and Banco Popular de Puerto Rico ("BPPR"), Debtor's secured lender. (Docket Nos. 257 and 262).

3. After considering the Original Application, the objections thereto and the Committee's response (Docket No. 286), at a hearing held on January 18, 2011, the Court denied the same, without prejudice of the Committee filing an Application for the Appointment of Cohn under 11 U.S.C. §328 (a) demonstrating reasonableness of the terms and conditions to the prevailing case law in this District or the filing of a new application pursuant to 11 U.S.C. § 330.

**Hospital Damas, Inc.**  Case No. 10-08844 (MCF)
Debtor's Objection to Renewed Application for Approval of Retention
Of J.H. Cohn, LLP as Financial Advisors to the Official Committee
Of Unsecured Creditors (Docket No. 302)  Page 2

4. On January 27, 2011, the Committee filed a renewed application for the appointment of Cohn as its financial advisors (the "Renewed Application"). (Docket No. 302).

5. On January 31, 2011, the Court entered an order granting until today to object to the Renewed Application, providing that if timely objections are filed, a hearing is to be held on February 10, 2011 at 9:30 a.m. (Docket No. 311).

6. In the Renewed Application, the Committee requests leave to retain and employ Cohn as its financial advisors pursuant to 11 U.S.C. §§ 328(a), 330 and 1103(b), retroactively to November 23, 2010[1], the first day services were rendered by Cohn, albeit without an order of the Court approving its appointment, on an hourly basis instead of on a fixed fee basis as proposed in the Original Application.

7. As set forth in paragraph 13 of the affidavit of Clifford A. Zucker ("Zucker") in support of the Renewed Application, Cohn proposes the following hourly rates for its services to the Committee:

| Partners/Senior Partners | $550 - $720/hr. |
| Director/Senior Manager/Mgr. | $460 - $550/hr. |
| Other Professional Staff | $185 - $360/hr. |
| Paraprofessional | $155 - $175/hr. |

---

[1] Such a request contravenes the provisions of Local Bankruptcy Rule 2014-1(e) which states:

**(e) Effective Date.** If the court approves an application for the employment of a professional person, the approval is deemed effective as of the date of the filing of the application. However, if the application is filed within fourteen (14) days of either the commencement of the case or the date the professional first rendered services – whichever is later – court approval is deemed effective on the date that the services were first rendered. The court will not grant otherwise retroactive approval, absent extraordinary circumstances.

**Hospital Damas, Inc.**     Case No. 10-08844 (MCF)
Debtor's Objection to Renewed Application for Approval of Retention
Of J.H. Cohn, LLP as Financial Advisors to the Official Committee
Of Unsecured Creditors (Docket No. 302)     Page 3

8. Mr. Zucker indicates that as an "accommodation to the Committee", Cohn has agreed to a ten percent (10%) discount on the above rates, which as applied would result in the following adjustment to the rates set forth below:

| Partners/Senior Partners | $550 - $720/hr. | 10% = $495 - $648/hr. |
|---|---|---|
| Director/Senior Manager/Mgr. | $460 - $550/hr. | 10% = $414 - $495/hr. |
| Other Professional Staff | $185 - $360/hr. | 10% = $166.50 - $324/hr. |
| Paraprofessional | $155 - $175/hr. | 10% = $139.50 - $157.50/hr. |

9. Moreover, as indicated by Mr. Zucker at paragraph 13 of his affidavit of January 27, 2011, the above rates are to be revised on February 1, 2011, providing uncertainty thereto.

10. In addition to its uncertain hourly rates, Cohn, a stateside firm, proposes to charge Debtor's estate for "actual out-of-pocket costs incurred (including **travel**, copying, telephone, faxes, express mail, **etc**.)". The etcetera will certainly include lodging related expenses.

11. As stated during the hearing of January 18, 2011, Debtor does not object to the appointment of Cohn, because Cohn is not based in Puerto Rico, but on the basis of the Committee and Cohn's pretensions to charge Debtor's estate rates that are not the standard ones for comparable services by accounting firms and financial consultants in Puerto Rico.

12. In support of its objection to the Renewed Application, Debtor incorporates by reference hereto, in its pertinent part, as if literally transcribed, its objection to the Original Application. (Docket No. 257).

13. The Committee pretends to justify the retention of Cohn at the above stated uncertain rates on the basis of Cohn's alleged unique "significant experience representing creditors' committees in hospital and healthcare bankruptcies", which

**Hospital Damas, Inc.**      Case No. 10-08844 (MCF)
Debtor's Objection to Renewed Application for Approval of Retention
Of J.H. Cohn, LLP as Financial Advisors to the Official Committee
Of Unsecured Creditors (Docket No. 302)      Page 4

even if true[2] does not justify a deviation from the billing rate standards applicable in the First Circuit.

14. The table enclosed as **Exhibit A** hereto, illustrates what the rates are in Puerto Rico for comparable services to those proposed to be provided by Cohn to the Committee at the expense of Debtor's estate.

15. In addition, the table enclosed here as **Exhibit H** establishes the existence of other national accounting certified insolvency structuring advisors (CIRA) firms, with members with experience in the hospital and healthcare industry, with a lower rates structure than the one proposed by Cohn.

16. **Exhibits B to K** show the qualifications of the firms listed in paragraphs 14 and 15 above.

17. By seeking that Cohn be appointed under 11 U.S.C. §328(a), the Committee proposes for the Court to pre-approve Cohn's proposed rates. As held in *In re Smart World Technologies, LLC,* 552 F3d. 228, 233 (2nd Cir. 2009), the pre-approval of a fee agreement under section 328(a) depends on the totality of the circumstances, including whether the professional's application, or the Court's order, referenced section 328(a), and whether the Court evaluated the propriety of the fee arrangement before granting final and not merely preliminary approval. *In re Airspect Air, Inc.,* 915, 921-22 (6th Cir. 2004).

---

[2] An examination of paragraph 12 of Mr. Zucker's affidavit and paragraph 19 of the Renewed Application reveals that the services proposed to be provided by Cohn are not within its exclusive realm. They consist of standard services which any qualified accounting firm or financial consultant can render as they are certainly not limited to a particular undescribed specialty in the hospital and healthcare industry.

**Hospital Damas, Inc.** Case No. 10-08844 (MCF)
Debtor's Objection to Renewed Application for Approval of Retention
Of J.H. Cohn, LLP as Financial Advisors to the Official Committee
Of Unsecured Creditors (Docket No. 302) Page 5

18. There are no circumstances in this case that would justify a pre-approval of Cohn's fees, particularly since they deviate by far from the comparable standard rates in Puerto Rico.

19. As held in *In re Dividend Development Corp,* 145 B.R. 651, 655 (Bankr. C.D. Cal 1992) the authorization in Section 328(a) to modify the fees "after conclusion of employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions", clearly anticipates that the court will make a determination as to the reasonableness of a fee arrangement at the beginning of a case.

20. As held in *In re Confections By Sandra, Inc.,* 83 B.R. 729 (B.A.P. 9th Cir. 1987), absent unanticipated developments, a bankruptcy court may not override its own previous order authorizing a specific compensation arrangement. *In re Olympia Holding Corp,* 176 B.R. 962 (Bankr. M.D.Fla 1994) (prior approval of the terms and conditions of an attorney's employment, including a contingency fee arrangement, precluded the court from concluding a review).

21. As stated in 3 Collier On Bankruptcy (16th Ed.) §328.03[2], the Courts of Appeals for the Second, Fifth and Ninth Circuits have held that a bankruptcy court may not conduct another "reasonableness" review of a contingent fee arrangement it previously approved, absent a finding that the original terms were "improvident in light of developments not capable of being anticipated" when the terms and conditions were fixed. The same rationale should be applicable to hourly pre-approved rates under Section 328(a).

**Hospital Damas, Inc.**  Case No. 10-08844 (MCF)
Debtor's Objection to Renewed Application for Approval of Retention
Of J.H. Cohn, LLP as Financial Advisors to the Official Committee
Of Unsecured Creditors (Docket No. 302)  Page 6

22. Debtor submits that issue of the applicability of local comparable rates to those intended to be charged by stateside professionals in this case is a matter that should not be further postponed in order not to create unwarranted expectancies, uncertainty, and confusion and disarray in Debtor's financial projections, such as the one resulting from Kilpatrick Townsend & Stockton, LLP's estimation of its fees and expenses for an approximately two and a half month period (October 13 – December 31, 2010) in approximately $275,000.00 (**See Exhibit L**).

23. As further support of Debtor's position as to the applicability of local comparable rates to stateside professionals in this case premised in First Circuit cases, Debtor submits the following additional cases from other jurisdictions. *In re Grimes*, 115 B.R. 639 (Bankr. D.S.D. 1990); *In re Wendy's of Montana, Inc.*, 111 B.R. 314, 315 ( Bankr. D. Mont. 1988) (debtor's attorney "entitled to reasonable attorney fees based on the fees charged by local professionals"); *In re Global Int'l Airways, Corp.*, 45 B.R. 258 (Bankr. W.D.Mo. 1984) (court reduced customary hourly rate charged by out-of-town attorneys in light of lower local rates); *In re Valley Historic Ltd. P'ship*, 307 B.R. 508 (Bankr. E.D. Va. 2003) (nonlocal counsel should not expect debtor to pay increased travel or communication costs when local counsel is available).

**WHEREFORE**, it is respectfully requested that the Renewed Application be denied as filed or if approved that it be subject to local comparable rates and reimbursement of expenses.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF systems, which will send notification of such filing to the Office of the United States Trustee, and all participants of CM/ECF.

| | |
|---|---|
| **Hospital Damas, Inc.** | **Case No. 10-08844 (MCF)** |
| Debtor's Objection to Renewed Application for Approval of Retention | |
| Of J.H. Cohn, LLP as Financial Advisors to the Official Committee | |
| Of Unsecured Creditors (Docket No. 302) | Page 7 |

San Juan, Puerto Rico, this 4th day of February, 2011.

*s/***CHARLES A. CUPRILL-HERNANDEZ**
USDC-PR 114312
Charles A. Cuprill, P.S.C., Law Offices
356 Fortaleza Street - Second Floor
San Juan, PR 00901
Tel.: 787-977-0515
Fax: 787-977-0518
E-Mail: ccuprill@cuprill.com

| | |
|---|---|
| **Hospital Damas, Inc.** | |
| Debtor's Objection to Renewed Application for Approval of Retention | |
| Of J.H. Cohn, LLP as Financial Advisors to the Official Committee | |
| Of Unsecured Creditors (Docket No. 302) | Page 7 |