IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

HOSPITAL DAMAS INC

XXX-XX3310

Debtor(s)

CASE NO. 10-08844 EAG

Chapter 11

FILED & ENTERED ON 12/26/2012

ORDER

OPINION AND ORDER

Hospital de Damas, Inc. (the "debtor") is a not-for-profit corporation organized under the laws of the Commonwealth of Puerto Rico (docket #1 and #2). It has operated a hospital in Ponce, Puerto Rico, known as Hospital Damas. Debtor is currently seeking final decree of the substantial consummation of the terms of its confirmed Chapter 11 reorganization plan (docket #820, #1098, #1117 and #1240).

On May 7, 2012, debtor objected to Claim No. 96-1 filed by claimant Jose O. Alverio Diaz. The objection called for the disallowance of the claim in its entirety. On May 14, 2012, debtor objected to Claim No. 97-1, filed by Carlos M. Ortiz Velazquez, arguing that if Claim No. 96-1 was disallowed, then Claim No. 97-1 would be disallowed on the same grounds as both claims are directly related. In both objections, debtor certified service to the creditors and included the following notice:

Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this objection has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an answer or other appropriate response to this objection with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no answer or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

On July 11, 2012, the court noticed a hearing to be held on August 9, 2012 on various pending objections to claim and their replies; both unopposed objections to claim were included in the notice (docket #1178). The court entered a certificate of service on July 17, 2012 evidencing service of the notice by first class mail to creditors Jose Alverio Diaz, Carlos Ortiz Velazquez and their attorney of record (docket #1190). On request of debtor and counsel Harold Hopkins, the hearing was continued twice and finally rescheduled and held on December 13, 2012.

On the morning of December 13, 2012, hours prior to the rescheduled hearing, creditor Carlos Ortiz Velazquez and Jose O. Alverio Diaz filed their answer in opposition to debtor's objection to Claims No. 96-1 and 97-1. At the hearing, debtor's attorney argued against the allowance of the untimely opposition, emphasizing the fact that this objection had been pending for over seven months in the case docket. The court took the matter under advisement.

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 157(a) and the general order of referral

of title 11 proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## APPLICABLE LAW AND DISCUSSION

Local Bankruptcy Rule 3007-1 governs the procedure for the filing of objections to claim and oppositions thereto. The filing of an objection to claim requires a special notice identical to the one included by the debtor in its objections to claim. The rule establishes the requirements to file an opposition:

> (d) Requirement of Written Response. If a claimant contests an objection to claim, it must file with the Clerk a written response to the objection. The response must state with particularity why the proof of claim should be allowed, must contain any documentation in support of allowance of the proof of claim and must state why the objection to the proof of claim should be denied. A response to an objection to claim must be served on the objecting party and any other party entitled to receive notice of the response. **A claimant who does not file a timely response to a properly served objection to claim is deemed to have agreed that the objection to claim may be granted.** If a timely response is not filed, the court may grant the objection to claim without further notice or hearing. Emphasis ours. [PR LBR 3007-1(d)]

In this case, creditors were duly noticed of the objections to claim by the debtor on May 7, 2012 and May 14, 2012, respectively (docket #1092 & #1111). Notices regarding the hearing on objections were sent out by the court on July 13, 2012 (docket #1190), August 8, 2012 (docket #1223) and October 7, 2012 (docket #1235). The court also notes that the objections to claim have been pending in the case docket for over seven months.

The court finds that allowing the creditor's untimely opposition at this juncture would unreasonably delay the prompt termination of the remaining controversies in this case. Allowing the claims after a seven month delay would prejudice the implementation and execution of the terms of the confirmed reorganization plan and would add more post confirmation administrative expenses. The court also finds that allowing this untimely opposition will further delay the entry of the final decree and disposal of other pending matters in this case. Therefore, debtor's objections to Claims No. 96-1 and 97-1 (docket #1092 and #1111) are hereby GRANTED pursuant to PR LBR 3007-1(d).

SO ORDERED.

San Juan, Puerto Rico, this 26 day of December, 2012.

Edward A Godoy
U.S. Bankruptcy Judge

C:    All creditors