**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 10-08844 EAG |
| HOSPITAL DE DAMAS, INC., | CHAPTER 11 |
| DEBTOR. | FILED & ENTERED ON 04/04/2013 |

**OPINION AND ORDER**

Hospital de Damas, Inc. ( "Damas" or "HDI") operates since 1987 a not-for-profit hospital known as Hospital Damas in Ponce, Puerto Rico. [Dkt. no. 819.] On September 24, 2010, Damas filed a petition for relief under chapter 11 of the Bankruptcy Code. [Dkt. no. 1.] After several procedural setbacks, Damas achieved confirmation of its amended plan of reorganization on May 15, 2012. [Dkt. no. 1117.] This proceeding is before the court on an application for final decree filed by Damas, an opposition to the application by the United States Trustee, a second opposition by several creditors, and a reply by Damas to the two oppositions. [Dkt. nos. 1240, 1243, 1246 &1247, respectively.] For the reasons stated below, the application for final decree is hereby denied without prejudice.

Damas argues that its plan of reorganization has been substantial consummated and, thus, the court can issue a final decree in the case. [Dkt. no. 1240.] The United States Trustee opposes on the ground that there are pending contested matters in the case which prevent the entry of a final decree. [Dkt. no. 1243.] The opposition to final decree of several creditors raises a similar ground. [Dkt. no. 1246.] The reply of Damas to the oppositions cites decisions mainly from other districts, and one from this district, in which bankruptcy courts entered final decrees in cases with pending

adversary proceedings and other matters. [Dkt. no. 1247.] It also points out that the fact that "matters are pending does not preclude the Court from entering the final decree in this case, since otherwise the Court would be holding HDI at bay and forcing it to unnecessarily pay[] quarterly fees to the United States Trustee, as required by 28 U.S.C. § 1930(a)(6)." [Dkt. no. 1247.]

The case from this district cited by Damas in its reply is In re Redondo Construction Corp., case no. 02-02887. In Redondo, then Chief Judge Carlo entered a final decree which retained jurisdiction to adjudicate pending adversary proceedings and contested matters. [Case no. 02-02887 at dkt. no. 1965.] But the court was not able to find any other case from this district in which final decree was entered with adversary proceedings or contested matters still pending on docket. Rather, the practice in this district is otherwise. See In re Swiss Chalet, Inc. 485 B.R. 47 (Bankr. D.P.R. 2012) (application for final decree denied without prejudice because of pending adversary proceeding and contested matters).

In this case still pending resolution by the court are objections by Damas to proofs of claim 95 and 98. [Dkt. nos. 555 & 553, respectively.][1] On January 28, 2013, Damas moved for summary judgment on the pending controversies regarding proofs of claim 95 and 98. [Dkt. no. 1304.] An opposition to the motion for summary judgment was filed on February 20, 2013. [Dkt. no. 1317.] And on February 26, 2013, Damas replied in support of its motion for summary judgment. [Dkt. no. 1319.] An evidentiary hearing is set for June 28, 2013, in the event the pending controversies cannot be resolved by summary judgment. [Dkt. no. 1325.]

---

[1] Although the court granted the objection to proof of claim 98 (at dkt. no. 743), a motion for reconsideration of that order and an opposition by Damas to the motion for reconsideration are still pending resolution by court. [Dkt. nos. 802 & 873, respectively.]

2

Adopting the reasoning of Chief Judge Lamoutte in the <u>Swiss Chalet</u> case, the court hereby denies the application for final decree without prejudice.

In Ponce, Puerto Rico, this 4th day of April, 2013.

Edward A. Godoy
U.S. Bankruptcy Judge