## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

IN RE:

HOSPITAL DE DAMAS, INC.,

DEBTOR.

_____

CASE NO. 10-08844 EAG

CHAPTER 11

FILED & ENTERED ON 01/10/2014

## OPINION AND ORDER

Hospital de Damas, Inc. has operated since 1987 a not-for-profit hospital known as Hospital de Damas in Ponce, Puerto Rico ("Damas").  On September 24, 2010, Damas filed a petition for relief under chapter 11 of the Bankruptcy Code.  Twenty-five employees or former employees of Damas filed together proof of claim 370, requesting the payment of the statutory penalty for work allegedly performed during meal periods in the years 1987 to 1992 (the "Claimants").[1]  Damas objected to the proof of claim.

Pending before this court is a motion for summary judgment brought by Damas on its objection to proof of claim 370, Claimants' opposition to the motion for summary judgment, and Damas' reply in support of its motion for summary judgment.  [Docket Nos. 1265, 1299 & 1308.] For the reasons stated below, Damas' motion for summary judgment is hereby granted with respect to twenty-two of the Claimants so as to disallow the entirety of the relief sought by them in proof of claim 370.  As to the three remaining Claimants, the motion for summary judgment is granted in part and denied in part.

---

[1] The names of all twenty-five Claimants are in attachment to the "Motion Filing Amended Proof of Claim #370 and Reply in Opposition to Debtor Hospital's Objection (docket # 777) to Claim." [Docket No. 1142].

**Jurisdiction**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the General Order of Referral of Title 11 Proceedings to United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

**Procedural Background**

The Claimants filed proof of claim 370 on January 28, 2011, requesting payment of the statutory penalty for work allegedly performed by them during meal periods from 1987 to 1992 ("POC 370"). The amount claimed in POC 370 was originally $1,289,097.52. Damas objected to POC 370 on October 13, 2011, arguing that the claims for unpaid wages were time barred by the applicable labor laws of Puerto Rico. [Docket No. 777.] On June 8, 2012, the Claimants amended POC 370, reducing the claim to $215,623.07, and opposed Damas' objection, asserting that the time-bar issue had already been litigated to their favor in the Puerto Rico courts. [Docket No. 1142.] On June 28, 2012, Damas replied to Claimants' opposition, contending that the judgment of the local court actually supports Damas' position and that the claims are in effect time barred. [Docket No. 1169.]

On December 12, 2012, Damas moved for summary judgment on its objection to POC 370, as amended. [Docket No. 1265.] In a hearing held on January 8, 2013, Damas requested disposition of this contested matter through summary judgment. [Docket No. 1298.] The court, thus, ordered the Claimants to file an opposition to Damas' summary judgment motion. [Docket No. 1298.] On January 15, 2013, the Claimants filed their opposition to

Damas' motion for summary judgment.  [Docket No. 1299.]  Damas replied on February 1, 2013.  [Docket No. 1308.]

**Local Anti-Ferreting Rule**

The local anti-ferreting rules "aid the court in identifying genuine issues of material fact which will necessitate denial of summary judgment . . . ."  Rosa Morales v. Santiago Diaz, 338 F. Supp. 2d 283, 294 n.2 (D.P.R. 2004) (citing D.P.R. Civ. R. 56(c) and Corrada Betances v. Sea-Land Serv. Inc., 248 F.3d 40, 43-44 (1st Cir. 2001)).  Puerto Rico Local Civil Rule 56(b) requires a party moving for summary judgment to file, annexed to its motion, "a separate, short and concise statement of the material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried . . . supported by a record citation . . . ."  D.P.R. Civ. R. 56(b).  Local Civil Rule 56(c) then requires the nonmoving party to submit with its opposition a "separate, short, and concise statement of material facts," admitting, denying or qualifying the facts by reference to each numbered paragraph with references to the record.  D.P.R. Civ. R. 56(c).  Local Civil Rule 56(e) provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."  The anti-ferreting provisions of Local Civil Rule 56 also provide that the court has "no duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts."  D.P.R. Civ. R. 56(e).

Damas complied with Local Civil Rule 56(b) by filing a separate statement of uncontested material facts supported by record citations.  The Claimants, however, ran afoul of Local Civil Rule 56(c) by failing to submit an opposing statement of material facts.

3

Therefore, as provided by Local Civil Rule 56(e), all properly supported facts set forth by Damas in its statement of facts are deemed admitted. See Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45-46 (1st Cir. 2004) ("We have consistently upheld the enforcement of this rule, noting repeatedly that 'parties ignore [it] at their peril' and that 'failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted.'") (quoting Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (citing prior cases)).

**Uncontested Facts**

The following facts are uncontested pursuant to Fed. R. Civ. P. 56 and D.P.R. Civ. R. 56, made applicable to these proceedings through Fed. R. Bankr. P. 9014(c) and 7056 and P.R. LBR 1001-1(b) and (d):

Claimants allege that for a period of five years, Damas unlawfully limited their meal periods to half an hour in violation of the legal provisions applicable to meal periods in Puerto Rico. [Damas' Proposed Uncontested Facts at ¶ 2, Docket No. 1265; Damas' Exhibit A, Docket No. 1265-1.] The five years run from 1987 to 1992. [Damas' Proposed Uncontested Facts at ¶ 3, Docket No. 1265; Damas' Exhibits C-1 & C-2, Docket No. 1265-1.]

Claimants further allege that they have been claiming, since 1987, payment of the statutory penalty. [Damas' Proposed Uncontested Facts at ¶ 6, Docket No. 1265; Damas' Exhibits A & F, Docket No. 1265-1.] The first claim related to this case was made by letter dated March 15, 1992, signed by twenty-two of the Claimants. [Damas' Proposed Uncontested Facts at ¶ 11, Docket No. 1265; Damas' Exhibits C-1, Docket No. 1265-1; Damas' Exhibits H, Docket No. 1358.] A similar claim was made by two additional Claimants on March 19, 1992.

4

[Damas' Proposed Uncontested Facts at ¶ 11, Docket No. 1265; Damas' Exhibit C-2, Docket No. 1265-1; Damas' Exhibits H, Docket No. 1358.] The Claimants then made additional extrajudicial claims, including the filing in 1997 of a claim with the Labor Standards Bureau of the Department of Labor and Human Resources of Puerto Rico. [Damas' Proposed Uncontested Facts at ¶ 12, Docket No. 1265; Damas' Exhibit E, Docket No. 1265-1.] The Labor Standards Bureau decided not to proceed with Claimants' case on March 18, 2002. [Damas' Exhibits A, E & F, Docket No. 1265-1.]

On May 11, 2004, a complaint was filed by twenty-two of the Claimants against Damas in the Ponce Superior Court but was later withdrawn without prejudice. [Damas' Proposed Uncontested Facts at ¶¶ 13 & 14, Docket No. 1265; Damas' Exhibits E & F, Docket No. 1265-1.] Claimants Bienvenido Rodríguez Cortés, Félix Colón Colón, and José E. Vega Vega were not plaintiffs in the 2004 complaint. [Damas' Exhibit F, Docket No. 1265-1.]

Twenty-two of the Claimants filed on August 24, 2006, complaint no. JPE2006-0795 against Damas in the Ponce Superior Court (the "2006 state-court complaint"), which is the basis for POC 370, as amended. [Damas' Proposed Uncontested Facts at ¶15, Docket No. 1265; POC 370; Docket No. 1142; Damas' Exhibit A, Docket No. 1265-1.] Again, Claimants Bienvenido Rodríguez Cortés, Félix Colón Colón, and José E. Vega Vega were not plaintiffs in the 2006 state-court complaint. [Damas' Exhibit A, Docket No. 1265-1.]

At the time of the filing of the 2006 state-court complaint, the following fifteen Claimants were employees of Damas:

(1) Sebastian Sáez Emmanuelli,
(2) Manuel Ramos Miranda,
(3) Nereida Rosario Justiniano,
(4) Juan Rivera Alicea,

5

(5)    Amado Vargas Torres,
(6)    Hector Echevarría Torres,
(7)    Osvaldo García Torres,
(8)    Gilberto Hernández Ruiz,
(9)    José Rosado Cruz,
(10)   Víctor Rivera Alicea,
(11)   Wilfredo Rivera Torres,
(12)   Vicente Santiago Montes,
(13)   Orlando Santos Colón,
(14)   José E. Vega Vega, and
(15)   Justiniano Santos Medina.

[Damas' Proposed Uncontested Facts at ¶18, Docket No. 1265; Damas' Exhibit  H, Docket

No. 1358.]

The following ten Claimants were not employees of Damas at the time of the filing of

the 2006 state-court complaint:

(1)    Miguel Morales Santiago, who was terminated on May 5, 1994;
(2)    Bienvenido Rodríguez Cortés, who was terminated on June 29, 1994;
(3)    Félix Colón Colón, who was terminated on October 28, 1994;
(4)    Nemesio Torres Torres, who was terminated on November 1, 1994;
(5)    Antonio Zayas Martínez, who was terminated on July 31, 1995;
(6)    Felipe Rivera Sander, who was terminated on January 24, 1997;
(7)    Antonio Santiago Mejías, who was terminated on March 1, 1999;
(8)    Jorge López Méndez, who was terminated on March 31, 2000;
(9)    Carmen Pagán Olivencia, who was terminated on July 8, 2002; and
(10)   José L. Rivera Meléndez, who was terminated on June 17, 2005.

[Damas' Proposed Uncontested Facts at ¶19, Docket No. 1265; Damas' Exhibits H & I, Docket

No. 1358.]

The Ponce Superior Court dismissed the 2006 state-court complaint for the statutory

penalty on the grounds that it was time barred.  [Damas' Exhibit E, Docket No. 1265-1.]

Claimants appealed the judgment issued by the Ponce Superior Court, and the Puerto Rico

Court of Appeals, Ponce Judicial Region, reversed the judgment and remanded the case to the

Ponce Superior Court for further proceedings.  [Damas' Proposed Uncontested Facts at ¶ 17,

Docket No. 1265; Damas' Exhibit E, Docket No. 1265-1.] At the time Damas filed the petition for relief under chapter 11, the state-court case, as remanded, was at the discovery stage in the Ponce Superior Court. [Damas' Proposed Uncontested Facts at ¶ 17, Docket No. 1265.]

### Summary Judgment Standard

The standard for summary judgment is well-known. Pursuant to Rule 56, made applicable to these proceedings by Fed. R. Bankr. P. 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. P.R. Tel. Co., 110 F. 3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issues exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995). For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id. However, not every factual dispute is sufficient to frustrate summary judgment; the contested fact must be material and the dispute over it must be genuine. Id. An issue is "genuine" if it could be resolved in favor of either party. A fact is "material" if it is potentially

outcome-determinative.  See Calero-Cerezo v. U.S. Dep't of Justice, 355 F. 3d 6, 19 (1st Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor."  Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)).

**Legal Analysis**

In Puerto Rico, an employee's rights as to meal periods during the workday is governed by P.R. Law No. 379 of May 15, 1948, as amended ("Law 379").  P.R. Laws Ann. tit. 29, § 283; see also, Jiménez Marrero v. NextLevel Corp., 170 P.R. Dec. 14, 46-47 (1997) (explaining that an employee's right to enjoy his or her meal period exists only by virtue of Law 379).  As a general rule, the meal period under Law 379 is one hour in duration.  P.R. Laws Ann. tit. 29, § 283.  But, Law 379 allows for the reduction of the meal period by agreement between the

employee and employer or, when the employee is unionized, through a collective bargaining agreement between the union and the employer. Id. An "employer who employs or permits an employee to work during the period fixed for taking food, shall be bound to pay for said period or fraction thereof at a wage rate equal to double the rate agreed upon for regular hours" (the "statutory penalty"). Id.

Damas, in its motion for summary judgment, contends that POC 370–which is grounded on Law 379–is time barred. Although Law 379 does not contain a limitations period, Damas argues that POC 370 is time barred by the "Puerto Rico Minimum Wage, Regular and Sick Leave Act," P.R. Law No. 180 of July 27, 1998 ("Law 180"). See P.R. Laws Ann. tit. 29, § 250j. Damas further contends that the Puerto Rico Court of Appeals ruled that, under Law 180, those Claimants still employed by Damas on August 24, 2006 (the date of the filing of the state court complaint) can only claim the statutory penalty for meal periods worked during the three years preceding the filing of the complaint. And for those Claimants terminated by Damas prior to the filing of the complaint, the Puerto Rico Court of Appeals ruled that they can only claim the statutory penalty for meal periods worked during the three years preceding the termination of employment. The Claimants oppose summary judgment, and argue that the Puerto Rico Court of Appeals held that their Law 379 claims were not time barred because they interrupted the statute of limitations.

Since Law 379 does not contain a statute of limitations to claim the statutory penalty, the applicable limitations period, as explained by the Puerto Rico Legislature, is the one

9

provided by Section 12 of Law 180, as amended.[2] See, González v. Merck, 166 P.R. Dec. 659,

685 (2006) ("The only statute of limitations found in Law 180 is the one in its Section 12(a)."

 (Our translation)). Section 12(a) of Law 180 establishes a three-year statute of limitations

to bring suit to claim wages. P.R. Laws Ann. tit. 29, § 250j(a). The three years start to run from

the time "the employee ceased to work for the employer." Id. And may include wages only for

the three years prior to the date he stopped working for the employer. P.R. Laws Ann. tit. 29,

§ 250j(c). When the employee is still working for the employer, the claim may include wages

to which the employee is entitled only during the three years prior to the filing of the suit. P.R.

Laws. Ann. tit. 29, § 250j(b). Section 12(e) of Law 180 states that the three-year statute of

limitations is not applicable to cases already filed in the courts on the effective date of the Law,

July 27, 1998, or those filed within one year of that date: that is, filed no later than July 27,

1999. P.R. Laws Ann. tit. 29, § 250j(e). And, the court concludes that Section 12 of Law 180

applies to POC 370 because the Claimants had not already filed in the courts their case by the

---

[2] In the Statement of Purpose of Puerto Rico Act 80 of May 21, 2000, an amendment to Act 180 of July 27, 1998, the Puerto Rico Legislature explained that the applicable statute of limitations for any action that an employee may bring against an employer for unpaid wages under Puerto Rico labor statutes, including claims for hours worked during the meal periods under Law 379, is the one established in Article 12 of Act 180.

The Statement of Motives of Act 80 reads, in pertinent part, as follows:

> To cover that gap in Act No. 180, the Legislature of Puerto Rico wishes to clarify that for the processing of any suit that an employee may have against his employer to claim all the wages, overtime, vacation and sick leave, penalty for working during the lunch break, and others to which he/she might be entitled for his work regardless of its origin, shall be governed by the prescriptive term established in said Section 12 of Act No. 180.

P.R. Law No. 80 of May 21, 2000.

effective date of Section 12 nor within the one-year deferment window.  P.R. Laws Ann. tit.29, § 250j(e).

POC 370 claims the statutory penalty for meal periods worked during five years from 1987 to 1992.  However, the record is unclear as to the exact starting and ending dates of the five-year period.  The letter of March 15, 1992 makes a claim for meal periods worked "since October 1987."  Damas, in its motion for summary judgment refers to meal periods worked "from 1987 to 1992."  The record is rife with similar inconsistent allegations as to the exact starting and ending dates of the five-year period.  Given this record and the requirement that the court draw all inferences in favor of the Claimants, the court finds for purposes of this opinion and order that POC 370 covers meal period worked from October 1, 1987, to December 31, 1992.

POC 370 is disallowed in its entirety as to fourteen of the Claimants who were included in the 2006 state-court complaint and were still employed by Damas at the time of the filing of the complaint.[3] Section 12(b) of Law 180 limits their claims for the statutory penalty arising from meal periods worked to those worked during the three years prior to the filing of the 2006 state-court complaint.  P.R. Laws Ann. tit. 29, § 250j(b).  Thus, they have no statutory remedy against Damas for meal periods worked prior to August 24, 2003.  And the court previously found that their claims run from, at most, October 1, 1987, to December 31, 1992.

---

[3]/These fourteen Claimants are: Sebastian Sáez Emmanuelli, Manuel Ramos Miranda, Nereida Rosario Justiniano, Juan Rivera Alicea, Amado Vargas Torres, Hector Echevarría Torres, Osvaldo García Torres, Gilberto Hernández Ruiz, José Rosado Cruz, Víctor Rivera Alicea, Wilfredo Rivera Torres, Vicente Santiago Montes, Orlando Santos Colón, and Justiniano Santos Medina.

11

POC 370 is also disallowed in its entirety as to five of the ten Claimants who were included in the 2006 state-court complaint but were terminated by Damas prior to its filing.[4] These five Claimants were terminated on different dates from 1997 to 2002. As Section 12(c) of Law 180 limits their claims to those accrued during the three years prior to their termination, and none of their claims in POC 370 falls within that three-year window, they likewise have no statutory remedy against Damas. P.R. Laws Ann. tit. 29, § 250j(c).

POC 370 is likewise disallowed in its entirety as to three of the Claimants who were not plaintiffs in the 2006 state-court complaint.[5] These three Claimants did not interrupt, as provided by Section 12(a) of Law 180, the statute of limitations with the filing of the state-court complaints in 2004 and 2006. And they did not come forward, to defeat the motion for summary judgment, with any evidence of extra-judicial claims made by them after the Labor Standards Bureau decided, on March 18, 2002, not to proceed with their case.[6] Thus, their claims became time barred on March 18, 2005, by Section 12(a) of Law 180. P.R. Laws Ann. tit. 29, § 250j(a). As to Claimant José E. Vega Vega, who is still employed by Damas, his claim is also disallowed in its entirety pursuant to Section 12(b) of Law 180. P.R. Laws Ann. tit. 29, § 250j(b).

---

[4]/These five Claimants are: Felipe Rivera Sander, Antonio Santiago Mejías, Jorge López Méndez, Carmen Pagán Olivencia, José L. Rivera Meléndez.

[5]/These three Claimants are: Bienvenido Rodríguez Cortés, Félix Colón Colón, and José E. Vega Vega.

[6]/The Claimants bear the ultimate burden of proof on the interruption of the statute of limitations.

12

POC 370 is partially disallowed as to Claimant Miguel Morales Santiago for any meal periods worked prior to May 5, 1991, and after December 31, 1992.  As to Claimant Nemesio Torres Torres, it is partially disallowed for any meal periods work prior to November 1, 1991, and after December 31, 1992.  And as to Claimant Antonio Zayas Martínez, it is partially disallowed for any meal period worked prior to July 31, 1992, and after December 31, 1992.  The record shows extra-judicial claims by the Claimants against Damas between 1992 and 2002.  The 2004 state-court complaint, in which these three Claimants are plaintiffs, interrupted yet again the statute of limitations, so that their 2006 state-court complaint was filed timely under Section 12(a) of Law 180.  P.R. Laws Ann. tit. 29, § 250j(a).  But, as Section 12(c) of Law 180 limits their claims to those accrued during the three years prior to their termination, and part of their claims falls outside that three-year window, they are without a statutory remedy against Damas for only that part of their claims.  P.R. Laws Ann. tit. 29, § 250j(c).

This result is consistent with the decision of the Puerto Rico Court of Appeals in the state-court litigation filed by the Claimants:

> Now then, pursuant to the aforementioned analysis, by not filing any of the two complaints filed by petitioners within the term of deferred effectiveness, this had the effect of depriving the employees who are petitioners **"from the remedy provided by prior legislation, which allowed claiming salaries up to ten years prior . . . if they wished to opt for the remedy provided by the former law, they had to file their lawsuit on or before July 27, 1999."**  González v. Merck, supra, at page 752 (Emphasis on the original). We reiterate, pursuant to the rules applicable, the employee dismissed may only claim the last three (3) years prior to its dismissal, while those who

13

were still employees of the respondent could only claim the salaries corresponding to the 3 years prior to its claim.

Morales, et al. v. Hospital Damas de Ponce, et al., Appeal No. KLAN0700934 (P.R. Court of Appeals, Ponce Judicial Region Apr. 30, 2008) (certified translation at Damas' Exhibit E, filed at Docket No. 1265-1, page 11).  Here, the Claimants filed their first case in the state court in 2004 and then voluntarily withdrew it.  The Claimants then re-filed their case in the state court in 2006.  Both cases were filed after the expiration of the one-year deferment window of Section 12(e) of Law 180.

The Puerto Rico Court of Appeals also correctly concluded that the interruption argument raised in the state-court litigation by the Claimants is without merit:

> As shown in the file, between the years 1992 and 2002, Petitioner made several extra judicial claims to Respondent.  Pursuant to Article 12 of Act No. 180, supra, § 250j(e), its prescriptive term **shall not affect the "cases already filed in the courts or which are filed within a year after it goes into effect."**  In González v. Merck, 166 [P.R.Dec. at 673-74] . . . , the Supreme Court catalogued said one-year term as one of "deferred effectiveness" which had the effect of postponing for a year the effectiveness of said section.  Although Petitioners did make extra judicial claims to their employer since 1992, the truth is that at the time Act No. 180, supra, was approved, it had not filed a case before the courts, nor did it do so within the one-year term of deferred effectiveness.  **If we take into account that the first complaint of Petitioners was filed in 2004, the term of deferred effectiveness expired, we must conclude that Petitioner's cause of action is sheltered by Act No. 180, supra, and thus, by its prescriptive terms.**

Morales, et al. v. Hospital Damas de Ponce, et al., Appeal No. KLAN0700934 (certified translation at Damas' Exhibit E, filed at Docket No. 1265-1, pages 7-8) (citation omitted).  The above-quoted language from the decision of the Puerto Rico Court of Appeals is consistent with the decision of the Puerto Rico Supreme Court in González v. Merck:

> Thus, *even though the lawsuit filed in December 1996 interrupted the prescriptive term and the plaintiffs filed timely their claim on July 28, 1999, if they wished to*

*avail themselves of the remedy provided by the prior law they had to file their lawsuit on or before July 27, 1999.* The filing of the lawsuit after that date, even though the action was not prescribed, made it subject to the remedy established by the new state of law of Section 12 of Law No. 180, ante, which became effective on July 28, 1999 and *limited* the claim for wages to those accrued and not paid in the last three years.

González v. Merck, 166 P.R.Dec. at 685 (translation ours).[7]

Three arguments raised by parties in this contested matter are dispatched briefly by the court. The first is Damas' waiver argument. Damas itself conceded, in its reply to the opposition of the summary judgment motion, that the facts underlying its waiver argument would "have to be settled by the Court at trial." [Docket No. 1308 at p. 4.] The second concerns the preclusive effect of the judgment from the Puerto Rico Court of Appeals, which the parties read differently. Both the reasoning and the result reached in this opinion and order are consistent with the judgment of the court of appeals. But to the extent, if any, it is not, this court is not bound by that judgment as the state-court litigation has not yet finally ended. Cestero v. Rosa, 198 Fed. Supp.2d 73, 85 (D.P.R. 2002). Finally, the third is a constitutional

---

[7]/The original in the Spanish language reads as follows:

Por lo tanto, *aun cuando el pleito instado en diciembre de 1996 interrumpió el término prescriptivo y los demandantes instaron a tiempo su reclamación el 28 de julio de 1999, si deseaban acogerse al remedio provisto por la ley anterior tenían que presentar su pleito en o antes del 27 de julio de 1999.* Una vez incoado el pleito luego de esa fecha, a pesar de que la acción no había prescrito, quedaron sujetos al remedio establecido por el nuevo estado de derecho del Art. 12 de la Ley Núm. 180, ante, que entró en vigor el 28 de julio de 1999 y *limitó* la reclamación de salarios a los devengados y no pagados en los últimos tres años.

González v. Merck, 166 P.R.Dec. at 685.

15

argument under the Contract Clause raised by the Claimants.  Because the Claimants fail to point to any contract, this argument cannot be considered by the court.

**Conclusion**

WHEREFORE, Damas' motion for summary judgment (Docket No. 1265) is PARTIALLY GRANTED and POC 370 is DISALLOWED with respect to each of the Claimants as follows:

(1)     Sebastian Sáez Emmanuelli, in its entirety;

(2)     Manuel Ramos Miranda, in its entirety;

(3)     Nereida Rosario Justiniano, in its entirety;

(4)     Juan Rivera Alicea, in its entirety;

(5)     Amado Vargas Torres, in its entirety;

(6)     Hector Echevarría Torres, in its entirety;

(7)     Osvaldo García Torres, in its entirety;

(8)     Gilberto Hernández Ruiz, in its entirety;

(9)     José Rosado Cruz, in its entirety;

(10)   Víctor Rivera Alicea, in its entirety;

(11)   Wilfredo Rivera Torres, in its entirety;

(12)   Vicente Santiago Montes, in its entirety;

(13)   Orlando Santos Colón, in its entirety;

(14)   José E. Vega Vega, in its entirety;

(15)   Justiniano Santos Medina, in its entirety;

(16)   Bienvenido Rodríguez Cortés, in its entirety;

(17)   Félix Colón Colón, in its entirety;

16

(18) Felipe Rivera Sander, in its entirety;

(19) Antonio Santiago Mejías, in its entirety;

(20) Jorge López Méndez, in its entirety;

(21) Carmen Pagán Olivencia, in its entirety;

(22) José L. Rivera Meléndez, in its entirety;

(23) Miguel Morales Santiago, for any meal periods worked prior to May 5, 1991, and after December 31, 1992;

(24) Nemesio Torres Torres, for any meal periods work prior to November 1, 1991, and after December 31, 1992; and

(25) Antonio Zayas Martínez, for any meal period worked prior to July 31, 1992, and after December 31, 1992.

Except as partially granted herein above, the motion for summary judgment (Docket No. 1265) is PARTIALLY DENIED with respect to Claimants Miguel Morales Santiago, Nemesio Torres, and Antonio Zayas Martínez.

SO ORDERED.

In Ponce, Puerto Rico, this 10th day of January, 2014.

Edward A. Godoy
U.S. Bankruptcy Judge

17